Lewis P. Ross, Respondent, *v.* Chauncey C. Caywood et al., Appellants, Impleaded with Others.

1. APPEAL — FINAL JUDGMENT ON REVERSAL.   The Appellate Division has no power, upon reversing a judgment which dismisses the complaint in a creditor's action, to render a final judgment in plaintiff's favor, where the facts were not found by the trial court and there was a question of fraud in the case which did not depend upon documentary evidence, but upon conflicting oral testimony, and it is obvious that further evidence relating thereto may be produced upon a new trial.

2. EXCEPTION TO DECISION DISMISSING COMPLAINT.   To enable the Appellate Division to review a judgment based upon a decision of the trial court in an action tried without a jury, which merely dismisses the complaint, an exception to the decision is necessary whether such decision was made under section 1021 or 1022 of the Code of Civil Procedure.

3. Exception to Ruling upon Question of Law. A decision under section 1021 of the Code of Civil Procedure, which merely dismisses the plaintiff's complaint without making any findings of fact, is a ruling upon a question of law made after the cause is finally submitted, and an exception must be taken thereto in order to present the question to a court of review.

4. Failure to take Exception — Waiver. The right to object in the Court of Appeals to the failure of the adverse party to take an exception to the decision of the trial court is not waived by failing to make it the subject of a distinct point in the Appellate Division or to make the specific claim that the latter court had no jurisdiction to review the decision, and by stating in such court that the sole question in the case was one relating to the merits, where the brief in such court called attention to the lack of exceptions.

*Ross* v. *Caywood*, 16 App. Div. 591, reversed.

(Argued March 2, 1900; decided March 13, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 12, 1897, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term, and rendering a final judgment in favor of plaintiff for the relief demanded in the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*David B. Hill* for appellants. It was error, on reversing the judgment of the Special Term, to award judgment absolute against the defendants, instead of granting a new trial. (*Heller* v. *Cohen*, 154 N. Y. 299; *Canavan* v. *Stuyvesant*, 154 N. Y. 89; *New* v. *Vil. of New Rochelle*, 158 N. Y. 41; *Cuff* v. *Dorland*, 57 N. Y. 560; *Guernsey* v. *Miller*, 80 N. Y. 181; *Foot* v. *A. L. Ins. Co.*, 61 N. Y. 571; *Astor* v. *L'Amoreux*, 8 N. Y. 107; *Snyder* v. *Seaman*, 157 N. Y. 449.) The judgment of the Special Term should have been affirmed. (*Ball* v. *Loomis*, 29 N. Y. 412; *Cohen* v. *Dupont*, 1 Sandf. 260, 262; *Teeter* v. *Teeter*, 47 N. Y. S. R. 579, 580; *Costello* v. *Herbst*, 16 Misc. Rep. 687; 18 Misc. Rep. 176; *Devlin* v. *G. Sav. Bank*, 125 N. Y. 756; *Crane* v. *Baudouine*, 55 N. Y. 256; *Westerlo* v. *De Witt*, 36 N. Y. 340; *Penfield* v.

*Sage*, 71 Hun, 573; *Amherst College* v. *Ritch*, 151 N. Y. 320·; *People ex rel.* v. *Barker*, 152 N. Y. 435.)

*David Hays* for respondent.. The Appellate Division properly reversed the judgment dismissing the complaint. The undisputed evidence compels the inference that the vendees bought with notice of Holcomb's fraudulent intent. (*Roeber* v. *Bowe*, 26 Hun, 554; *Edgell* v. *Lowell*, 4 Vt. 405; *Seymour* v. *Wilson*, 19 N. Y. 417; *Anderson* v. *Blood*, 152 N. Y. 285; *Starin* v. *Kelly*, 88 N. Y. 418.) The reversal by the Appellate Division was a proper exercise of its power. (*Nostrand* v. *Knight*, 123 N. Y. 614.) The Appellate Division had jurisdiction to review the facts. (*Porter* v. *Smith*, 107 N. Y. 531; *Watts* v. *Bd. of Education*, 9 App. Div. 143; *Roberts* v. *Tobias*, 120 N. Y. 1; *Bloom* v. *N. S. & L. Co.*, 152 N. Y. 114; *Hart* v. *Wandle*, 50 N. Y. 381; *S. O. Co.* v. *A. Ins. Co.*, 79 N. Y. 506; *Ward* v. *Craig*, 87 N. Y. 550; *Otten* v. *M. Ry. Co.*, 150 N. Y. 395; *Stiefel* v. *N. Y. N. Co.*, 12 App. Div. 266; *Martin* v. *Home Bank*, 160 N. Y. 190.) The Appellate Division, having reversed upon the facts, its order of reversal is not reviewable here. (*Bini* v. *Smith*, 161 N. Y. 120.) The decision of the trial court did not comply with section 1022 of the Code of Civil Procedure, in that it contained no statement of the grounds upon which the issues were decided; the Appellate Division was, therefore, justified in reversing the judgment entered upon it. (*Hall* v. *Beston*, 13 App. Div. 116.; *Shaffer* v. *Martin*, 20 App. Div. 304; Baylies on Trial Pr. [2d ed.] 383, 385–387; *McNaughton* v. *Osgood*, 114 N. Y. 574.)

Vann, J.   This was a creditor's action brought to set aside a transfer of personal property from the judgment debtor to the appellants, and the substantial issue was a question of fraud. After hearing witnesses on both sides, the Special Term filed a decision in two sentences, the first of which stated the nature of the action and the second was in these words: " The defendants Caywood and Donovan are entitled

to judgment dismissing the complaint, but without costs."
Without filing any exception to this decision, the plaintiff
appealed from the judgment entered thereon to the Appellate
Division, which not only reversed said judgment "upon ques-
tions of fact and of law," but directed final judgment for the
plaintiff, setting aside the transfer as fraudulent, requiring
the defendants to account for the property covered thereby,
appointing a referee to ascertain and report the value thereof,
and authorizing the plaintiff upon the coming in of the report
to apply at Special Term for further judgment.    An inter-
locutory judgment was entered accordingly, and, when the
report of the referee came in, the Special Term confirmed the
same, and thereupon final judgment was entered.    The defend-
ants appealed to this court from the final judgment, and gave
notice of their intention to also review the interlocutory judg-
ment and the order of the Special Term confirming the report
of the referee.

The Appellate Division, upon reversing a judgment of the
trial court where there was an issue of fact, cannot render
final judgment in favor of the appellant, but must grant a
new trial unless the facts are conceded, or are established by
written instruments, or are found in full by the trial judge, or
the evidence is not only undisputed but diverse inferences
cannot be drawn therefrom, and it is manifest that no evi-
dence can be produced which will entitle the respondent to
recover.    (*Heller* v. *Cohen,* 154 N. Y. 299, 305 ; *Benedict* v.
*Arnoux,* 154 N. Y. 715, 724 ; *Snyder* v. *Seaman,* 157 N. Y.
449, 453 ; *New* v. *Village of New Rochelle,* 158 N. Y. 41.)
There was a question of fact in this case which did not depend
upon documentary evidence, but on conflicting oral testimony.
The facts were not found by the trial court, and it is obvious
that further evidence relating to the question of fraud might
be produced upon a new trial.    The judgment of the Appel-
late Division, therefore, must in any event be so modified as
to strike out the part which granted affirmative relief, and,
unless that court had power to review the decision of the trial
justice, although it was not excepted to, its judgment must be

wholly reversed and that of the Special Term affirmed, for the exceptions taken during the progress of the trial are not entitled to serious consideration.

The decision of the trial justice did not "state separately the facts found and the conclusions of law," nor did it state "concisely the grounds upon which the issues" were "decided," as permitted by section 1022 of the Code of Civil Procedure. Neither the facts nor the grounds of the decision are stated, but merely the nature of the action and the direction for judgment. The judgment entered simply dismissed the complaint, without stating that it was rendered upon the merits, and, as it does not prevent a new action for the relief demanded, is in the nature of a nonsuit. (Code Civ. Pro. § 1209.) The decision seems to be that authorized by section 1021, which states that "the decision of the court, or the report of a referee, upon the trial of a demurrer, or upon the trial of the issues of fact or law, where a nonsuit is granted, must direct the final or interlocutory judgment to be entered thereupon, and in any such case it shall not be necessary for the court or referee to make findings of fact." Although the action was tried upon the merits; witnesses were called on either side, both parties rested, the trial court reserved its decision and wrote an opinion, still the form of the decision and the judgment entered thereon indicate that the issues were not decided upon the merits but that a nonsuit was granted.

But whether the decision was made under section 1021 or 1022 we think that an exception thereto was necessary, in order to enable the Appellate Division to reverse the judgment of the trial court. In 1894 the short form of decision was introduced, and by the same statute which authorized this new method of deciding causes, a new method of getting the case in shape to review was also provided. (L. 1894, ch. 688, § 3.) By the same section a new kind of decision and a new kind of exception to such a decision was authorized, which is independent of that permitted by section 992 or 994, and we have held that the remedy thus provided is exclusive. (*Otten v. Manhattan Ry. Co.*, 150 N. Y. 395, 400.)

If, however, the decision was made under section 1021 no facts were found, and the court is presumed to have held that the evidence, when every permissible inference was drawn therefrom in favor of the plaintiff, did not warrant a judgment for any part of the relief demanded in the complaint. The decision, therefore, was a ruling upon a question of law made after the cause was finally submitted, and according to the sections last cited an exception must be taken thereto in order to present the question to a court of review.

The plaintiff, however, claims that the defendants, by neglecting when before the Appellate Division to specifically raise the objection that no exception had been filed, waived their right to insist upon the defect in this court. The defendants in their brief below called the attention of the court to the fact that "there were no exceptions to the decision of the court and no requests to find:" They did not make that fact the subject of a distinct point or make the specific claim that the court had no jurisdiction to review the decision of the trial judge. After discussing the exceptions relating to evidence they stated that the sole question in the case was whether the vendee knew that the vendor intended to defraud her creditors. This was the sole question on the merits, but not the sole question on the appeal, for the defendants had already made a separate point insisting that the exceptions relating to rulings upon the trial were not well taken. There was no reason for alluding to the fact that no exception had been filed to the decision of the court, unless the defendants regarded it as material upon the appeal and wished to insist upon it. Waiver depends upon intention, and we do not think the defendants intended to waive a defect to which they specifically directed the attention of the court, (*Cohn* v. *Goldman*, 76 N. Y. 284, 287; *Aldridge* v. *Aldridge*, 120 N. Y. 614.) In thus discussing the question of waiver upon the theory of the respondent, we do not wish to be understood as holding by implication that a waiver may be implied from the failure to raise the point upon the intermediate appeal.

The Appellate Division states in its amended decision that

it reversed upon the facts as well as the law, but as a nonsuit was granted no facts were found which could be reversed. If the direction for judgment made by the trial justice, which was a conclusion of law, had been excepted to, the exception would have raised the question whether any reasonable view of the evidence would warrant a recovery by the plaintiff. As no such exception was filed the plaintiff stood before the Appellate Division and now stands before us in the attitude of acquiescing in the decision made by the trial justice. (*Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437, 441.) The record presents no exception which authorized the Appellate Division to reverse the judgment of the trial court, and we are, therefore, compelled to reverse the judgment appealed from and affirm the judgment rendered in the first instance, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and MARTIN, JJ., concur. LANDON, J., dissents.

Judgment reversed, etc.