THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* THE JOURNAL COMPANY, Appellant.

Practice — nonsuit — findings unnecessary — exceptions re-
quired — waiver thereof — state paper, also designated as county
paper — double payment for Session Laws printed only
once under such designations — when such payment illegal
although audited by proper authorities.

1. Where a nonsuit is granted, no findings are necessary (Code
Civ. Pro. § 1021), but an exception must be taken in order to review
the judgment. (Code Civ. Pro. § 994.) The objection that no excep-
tion was taken may be waived, however, by failure to point out to
the Appellate Division that an exception is lacking, where the
defect·is one which if brought to the attention of that court might
then have been corrected. Defendant did not bring this point to
the notice of that court by the statement in its brief: "Respondent
insists upon its right to stand upon and urge every point of law
or practice appearing to its advantage in the record to withstand
reversal. It waives nothing. It accords a like privilege to its
adversary seeking reversal." Hence, the objection was waived.

2.. Defendant was designated by the proper authorities as the
state paper for publication of the statutes and as the county paper
for like purpose. Defendant printed the laws only once but has
received payment for two publications. In an action by the state
to recover payment in excess of the amount due for a single publi-
cation, *held*, that although both the public officers who approved

1

the bills and the defendant which presented them acted in good faith, the double payment was illegal, and that the audit of the claim by the comptroller was not a defense to the action.

*People* v. *Journal Co.*, 158 App. Div. 326, affirmed.

(Argued October 12, 1914; decided November 10, 1914.)

APPEAL from a judgment, entered September 20, 1913, upon an order of the Appellate Division of the Supreme. Court in the third judicial department, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term and directing judgment in favor of plaintiff.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Andrew J. Nellis* and *J. S. Frost* for appellant. The appellate court below was without power to review the case upon the merits either as to the law or as to the facts. (Code Civ. Pro. § 994; *Jacobson* v. *Cornelius*, 52 Hun, 377; *T. A. R. R. Co.* v. *Ebling*, 100 N. Y. 98; *Boos* v. *W. M. L. Ins. Co.*, 64 N. Y. 236; *Frederick* v. *City of Johnstown*, 47 App. Div. 221; *Waydell* v. *Adams*, 23 App. Div. 508; *Dearing* v. *I. U. Tel. Co.*, 145 App. Div. 152.) The appellate court below was without power to direct an affirmative judgment for a substantial sum of money for the plaintiff. Even if it had the power it could only make such direction upon findings of fact and of law by it previously made, based upon the pleadings and the proof. (*Bonnette* v. *Molloy*, 209 N. Y. 167.) If the comptroller had jurisdiction, his audit and award may not be overturned in this action; the payment made is within the well-settled and universally recognized general rule that money voluntarily paid under a claim of right and with knowledge of the facts on the part of the person making the payment or affected by it, cannot be recovered back on the ground that the asserted claim was invalid and unenforceable. (22 Am. & Eng. Ency. of Law [2d ed.], 609.) The six-years' Statute of Limita-

tions and not the ten years' statute is the one applicable. (*Roberts* v. *Ely*, 113 N. Y. 128.)

*James A. Parsons, Attorney-General* (*Joseph A. Kellogg, Edward J. Mone* and *Claude T. Dawes* of counsel), for respondent. An action lies under the provisions of section 1969 of the Code of Civil Procedure to recover these moneys. (*People* v. *Ingersoll*, 58 N. Y. 1; *People* v. *Fields*, 58 N. Y. 505; *People* v. *Tweed*, 63 N. Y. 202; *Roberts* v. *Ely*, |113 N. Y. 128; *Town of Bleecker* v. *Balje*, 138 App. Div. 706; *Lawatsch* v. *Cooney*, 20 App. Div. 470; *Seeber* v. *P. B. Loan Assn.*, 36 App. Div. 312; *Martin* v. *McCormack*, 8 N. Y. 331; *People* v. *Wood*, 121 N. Y. 522; *Vil. of Fort Edward* v. *Fish*, 156 N. Y. 363.) The secretary of state and the state comptroller do not under the statutes in question act as auditing officers. They have no judicial discretion whatever, and their so-called audit of the bills as for a county newspaper, with knowledge of the actual fact that the laws had not been twice published, was a nullity. (*People ex rel. Grannis* v. *Roberts*, 163 N. Y. 70; *People ex rel. Cayuga Nation* v. *Land Comrs.*, 207 N. Y. 42.) The statutes did not contemplate dual payments for but one publication. Therefore, having received payment as a state paper, the claims as for a county paper were illegal. (*Matter of Troy Press Co.*, 94 App. Div. 514; *People ex rel. Mayhan* v. *Dickson*, 138 App. Div. 606; *People ex rel. U. S. T. Co.* v. *Williams*, 140 App. Div. 58; 200 N. Y. 585; *People ex rel. Hall* v. *Ford*, 127 App. Div. 444.) As the claims for publication as a county paper were fundamentally illegal, the so-called audit of the secretary of state and the state comptroller was void. (*People* v. *Sutherland*, 207 N. Y. 22; *People ex rel. McSpedon* v. *County Treasurer of New York*, 4 Abb. Pr. 22; *Osterhoudt* v. *Rigney*, 98 N. Y. 222; *People* v. *Wood*, 121 N. Y. 522; *Donahue* v. *Mayor*, 10 Hun, 37; *Board of Supervisors* v. *Ellis*, 59 N. Y. 620; *People* v. *Fields*, 58 N. Y. 491;

*Supervisors* v. *Van Cleef,* 1 Hun, 454; *Nelson* v. *Mayor, etc.,* 131 N. Y. 4; *Bank of Staten Island* v. *City of New York,* 68 App. Div. 231; *Wittemer* v. *City of New York,* 50 App. Div. 482; *People* v. *Lawrence,* 6 Hill, 244; *Rockefeller* v. *Taylor,* 69 App. Div. 176; *Haswell* v. *Mayor,* 81 N. Y. 255; *State of Michigan* v. *Phœnix Bank,* 33 N. Y. 1.) The plaintiff is entitled to recover all the payments in question made to the defendant within ten years prior to the institution of this action. (Code Civ. Pro. §§ 1969, 1973.)

CARDOZO, J. The *Albany Evening Journal,* published by the defendant, was for many years designated as the state paper for the publication of the statutes and of legal notices and advertisements. The designation was made by the secretary of state, comptroller and treasurer under the authority of section 73 of chapter 248 of the Laws of 1893 (now section 82 of the Executive Law, L. 1909, ch. 23). It has been the practice to pay for such publications at the rate of seventy-five cents per folio. During the same years the defendant's newspaper was also designated by the board of supervisors of Albany county as the county paper in accordance with section 48 of the Legislative Law (L. 1909, ch. 37; formerly L. 1892, ch. 715, section 1), and section 20 of the County Law (L. 1909, ch. 16; formerly L. 1892, ch. 686). Publications in county papers are paid for at the rate of thirty cents per folio. The payment is made by the treasurer of the state on the warrant of the comptroller after certification by the secretary of state that the publication has been regularly made. The defendant printed the laws once and only once. It has been paid in its capacity as state paper at the rate of seventy-five cents per folio, and in its capacity as county paper for the same publication at the rate of thirty cents per folio. The state asserts that the defendant, having made but a single publication, was not entitled to double pay. It brings this action under section 1969 of the Code of Civil Proced-

ure to recover the payments in excess of seventy-five cents per folio received by the defendant for ten years past. The trial judge, who heard the case without a jury, dismissed the complaint. The Appellate Division reversed, and rendered judgment for the plaintiff.

At the outset a question of practice must be determined. The decision of the trial court was a nonsuit. It was made without findings. Its form is authorized by section 1021 of the Code of Civil Procedure. No exception to this decision was filed by the People. This court has held that where the decision takes the form of a nonsuit, an exception is necessary. (*Ross* v. *Caywood,* 162 N. Y. 259; Code Civil Pro. section 994.) The defendant now urges that because of the absence of an exception the Appellate Division was without power to review the judgment of the trial court. For this reason we are asked to set aside the reversal, and reinstate the judgment dismissing the complaint.

We think the defendant must be held to have waived this objection by its failure to point out to the Appellate Division that an exception was lacking. We cannot doubt that if that objection had been made, the Appellate Division, by suspending the argument, would have given the People an opportunity to supply the omission. Where an appeal has been seasonably taken, the Supreme Court has power to relieve against an omission to file an exception to the decision within the ten days prescribed by statute. (Code Civ. Pro. sec. 994.) The defendant did not bring the point that it now urges to the notice of the court below. All that it did was to make this statement in its brief: "Respondent insists upon its right to stand upon and urge, and does stand upon and urge every point of law or practice appearing to its advantage in the record to withstand reversal. It waives nothing. It accords a like privilege to its adversary seeking reversal." That statement does not tell us any thing about the points of law and practice that were thus sweepingly reserved. We

think that something more was required if this objection
was to be retained.   The case is not like *Ross* v. *Caywood*
(*supra*) where the objection, though not made in the oral
argument, was stated in the briefs.   Here it was not made
either orally or in writing.   It is not necessary for us to
hold that a failure to make an objection on an intermedi-
ate appeal is always a waiver of the objection in this court.
(*Galloway* v. *Erie R. R. Co.*, 116 App. Div. 777; affd.,
on opinion below, 192 N. Y. 545; *Ross* v. *Caywood, supra,*
at p. 264.)   We think it does constitute a waiver where
the defect is one which, if brought to the attention of
the Appellate Division, might then have been corrected.
(*Cowenhoven* v. *Ball*, 118 N. Y. 231, 234, 236; *Snelling*
v. *Yetter*, 25 App. Div. 590, 593.)   In such a case we
must apply the same rule that is applied in determining
whether a motion for a nonsuit is sufficient.   The rule in
such cases is that the defect, if capable of correction,
should be pointed out, so that the plaintiff may correct
it; and unless it is pointed out, the denial of the motion
will not justify a reversal.   (*Crapo* v. *City of Syracuse*,
183 N. Y. 395, 402; *Quinlan* v. *Welch*, 141 N. Y. 158.)
Such a rule is necessary if trials and appeals are to
be effective instruments for the attainment of justice.
The absence of the exception prescribed by section 994
of the Code did not destroy the jurisdiction of the
Appellate Division.   To what extent a different rule
is applicable in this court is a question not now before
us.   So far at least as the Appellate Division is con-
cerned, the statute requiring an exception is a mere
regulation of procedure.   The omission may, at that
stage of the litigation, be corrected; and, if not cor-
rected, may be waived.   We are not dealing with the
same question that would be before us if the Appellate
Division had affirmed the nonsuit, and we were asked to
reverse it.   As the case now comes before us, an exception
is not necessary to establish jurisdiction in this court.
We have at least jurisdiction to determine that the

Appellate Division, in reversing, acted within its power; and our conclusion is that the objection was waived, and that the power existed. We hold, as we did in *Cowenhoven* v. *Ball* (*supra*), that "when a party, whose right is to object, takes no objection to the proceedings or to the power of the court to hear the case, he is held to have waived all objections to formal and technical defects." The words of Judge BROWN, who wrote for the court in that case, have a pointed application here: "If this rule," he said, "is not to be applied to this case the appellant has his chance of success at the General, Term and if he is beaten in that court on the merits, he is certain of reversing the judgment in this court on the ground that there was a mistrial. A rule that would permit a practice of such character should not be sanctioned."

We are thus brought to the merits. They do not seem to us to be doubtful. The defendant did not print the laws twice, once in fulfilment of its duty as the state paper, and once in fulfilment of its duty as the county paper. The concession is that "no one of said laws was inserted, printed, or appeared more than once or in more than one issue of said newspaper." There has thus been a single service, and a double reward. The statutes do not justify that outcome. We perceive no reason why the same paper, if designated both as the state and as the county paper, may not thereafter, by publishing the statutes twice, earn a compensation in each capacity. There must, however, be a twofold service. The legislature did not intend that the designation should be made use of as an honorary title, yielding new emoluments without the burden of added duties.

We cannot sustain the defendant's argument that the approval of its bills by the comptroller is an audit which bars the state from the recovery of the illegal payments. We are not dealing with such a problem as would be before us if some question of fact in respect of the performance of the services or their value had been the subject of

genuine dispute. In such a case the determination by the comptroller might, in the absence of fraud or collusion, be controlling upon the courts. (*People* v. *Sutherland*, 207 N. Y. 22.) In the case at bar there was no such dispute. There is none now. It is conceded that there was one publication and one only. In such circumstances, it was beyond the power of an executive officer of the state by any audit of the claim to render the payment legal. The auditing officer, so far as the record shows, did not know that there had been a single publication. The presentation of separate bills, accompanied by a sworn statement that the services had been rendered, was equivalent to a representation that there had been a separate publication. But if the truth had been known, the effect of the audit would not for that reason be enlarged. The public funds may not be gratuitously distributed at the will of any officer. (*Village of Ft. Edward* v. *Fish*, 156 N. Y. 363, 374.) It might as well be urged that a second payment of the same bill would be protected if a comptroller, knowing that it was a second payment, determined to allow it. In the present case, both the public officers who approved the bills and the defendant which presented them, acted in good faith. None the less, the conceded facts demonstrate that the double payment was illegal, and no audit by any public officer could make it anything else. (*People ex rel. Smith* v. *Clarke*, 174 N. Y. 259; *People ex rel. Coughlin* v. *Gleason*, 121 N. Y. 631; *Bd. of Supervisors, Richmond Co.* v. *Ellis*, 59 N. Y. 620; *People ex rel. McSpedon* v. *Stout, County Treasurer*, 4 Abb. Pr. 22; *Haswell* v. *Mayor, etc., of N. Y.*, 81 N. Y. 255; *Osterhoudt* v. *Rigney*, 98 N. Y. 222, 233.)

The defendant criticizes the form of order entered at the Appellate Division. We think it embodies new findings in such a form as to satisfy the requirements of the rule laid down in *Bonnette* v. *Molloy* (209 N. Y. 167). The defendant also assigns as error the ruling that the

People were entitled to recover the excessive payments for ten years previous to the date when the action was begun. We think that period of limitation, which is prescribed by section 1973 of the Code of Civil Procedure, is applicable to this case.

The judgment should be affirmed, with costs.

WERNER, HISCOCK, CHASE, COLLIN and HOGAN, JJ., concur; MILLER, J., not sitting.

Judgment affirmed.