New York Institution for the Instruction of the Deaf and Dumb, Appellant, *v.* The City of New York, Respondent.

First Department, January 18, 1918.

Practice — action to determine claim to real property — claim of title by defendant — mode of trial — dismissal of complaint and exception thereto — findings not necessary — minute of exception taken in open court — preservation of right to appeal.

Where in an action under sections 1638 *et seq.* of the Code of Civil Procedure to obtain an adjudication of the invalidity of defendant's claim of title to real property of which plaintiff claims to be in possession, the defendant in his answer claims title, the trial must be had as in an action of ejectment, that is to say, before the court and a jury.

By virtue of section 1021 of the Code of Civil Procedure where the court in such action sets aside a verdict for the plaintiff and dismisses the complaint, it is not necessary for the court to make any findings of fact and its refusal to do so is not an error which will furnish ground for an exception.

The plaintiff preserves its rights upon appeal where the record of the trial shows that it entered an exception in open court to the decision setting aside a verdict in its favor and dismissing the complaint.

Although after a dismissal of the complaint and the plaintiff's exception thereto taken in open court the defendant entered an order embodying the court's decision, the latter order was unnecessary and superfluous and did not require a new exception by the plaintiff where the clerk's minutes embodied the decision of the court.

Where a complaint is dismissed at Trial Term the clerk's minute of the plaintiff's exception made in open court is sufficient warrant for an entry of judgment and affords a proper foundation for appeal.

Dowling, J., dissented, with opinion.

Appeal by the plaintiff, New York Institution for the Instruction of the Deaf and Dumb, from an order of the

Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of June, 1917, denying its motion to compel the defendant to accept service of exceptions to the court's refusal to pass upon certain requests submitted by it.

*Thomas F. Conway* of counsel [*Thomas E. O'Brien* with him on the brief], for the appellant.

*Charles J. Nehrbas* of counsel [*Terence Farley* and *John R. Salmon* with him on the brief], *Lamar Hardy, Corporation Counsel,* attorney, for the respondent.

Scott, J.:

This action was brought under sections 1638 *et seq.* of the Code of Civil Procedure to obtain an adjudication of the invalidity of defendant's claim of title to certain real property of which plaintiff claims to be in possession, and for other incidental relief. The answer by way of defense sets up its own ownership. This defense under section 1642 of the Code of Civil Procedure required that the trial should be had as in an action of ejectment, *i. e.,* before the court and a jury. (See Code Civ. Proc. § 968.)

The cause was accordingly brought on for trial at a Trial Term. The court submitted two questions of fact to the jury, which were answered, but later, on motion of the defendant, the court set aside the verdict and dismissed the complaint, to which plaintiff duly excepted. The question whether or not the court was justified in this course is not brought up by the present appeal. After the dismissal of the complaint plaintiff filed and served upon defendant forty-eight proposed findings of fact and corresponding conclusions of law, the purpose apparently being to lay a foundation for exceptions to the court's refusal to find as requested, and accordingly, when the court refused to make any findings at all, plaintiff filed and served on defendant exceptions to the refusal to find. These exceptions defendant received but refused to retain.

Section 1021 of the Code of Civil Procedure provides that " The decision of the court, or the report of a referee, upon the trial of a demurrer, or upon the trial of the issues of fact

or law, where a nonsuit is granted, must direct the final or interlocutory judgment to be entered thereupon, and in any such case it shall not be necessary for the court or referee to make any finding of fact."

If it was not necessary for the court to make any finding of fact, the refusal to do so was not error and furnished no ground for an exception.

If it be true that an exception to the dismissal of the complaint was essential to preserve plaintiff's rights upon appeal (*People* v. *Journal Company,* 213 N. Y. 1), the record submitted upon this appeal shows that plaintiff did in fact save its rights by entering an exception in open court when the court announced its decision.

It is true that the defendant afterwards entered an order embodying the court's decision announced at the close of the trial. This, however, was unnecessary and superfluous and did not require a new exception, since, the cause having been tried at Trial Term, the clerk's minutes embodied the decision of the court and were sufficient warrant for the entry of the judgment.

Cases constantly come before us in which the complaint has been dismissed at Trial Term wherein the only warrant for the entry of judgment is an extract from the clerk's minutes, and the only record of an exception is that taken in open court when the dismissal is ordered. It has never been held, nor so far as we are advised suggested, that this does not afford a sufficient and proper foundation to support an appeal.

The order appealed from must, therefore, be affirmed, with ten dollars costs and disbursements.

Clarke, P. J., Laughlin and Shearn, JJ., concurred; Dowling, J., dissented.

Dowling, J. (dissenting):

Had the trial court done no more than in open court grant the defendant's motion to set aside the verdict and dismiss the complaint (pursuant to the motion made at the close of the plaintiff's case, decision on which was reserved), I would agree with the opinion of Mr. Justice Scott that section

1021 of the Code of Civil Procedure applied and that no findings of fact were necessary to be made.  But the court went further and entered an order embodying a narrative of the happenings upon the trial and thereafter, concluding with the setting aside of the verdict of the jury (no ground therefor being assigned in the direction), and also dismissing the complaint (though not formally directing the entry of any judgment).  This order was treated as a decision and was made the basis of the judgment which followed.  I think plaintiff had the right to except thereto, and not only to challenge what it contained, but to raise by exception the failure to include therein what it submitted by way of proposed findings.  For this was not an ordinary case of a dismissal at the close of the plaintiff's case, but one made after the case had been tried out on both sides, before court and jury, and the jury had, at defendant's request, been called upon to answer specific questions, which they decided adversely to defendant.  This left the case in the position of having two controverted questions of fact, decided by the jury, and many remaining questions of fact and law, to be decided by the court upon the whole case.  The court appears to have passed on none of these, but has left the plaintiff with the only findings of fact made (which were found in its favor) set aside by the court, with no reason assigned, and with the inferences which must be unfavorable to plaintiff arising from such action.  The defendant, by its request to go to the jury upon the two issues submitted, admitted that there was a question of fact to be determined, and that question had been tried out.  I think, therefore, that the case came within the provisions of section 1022 of the Code of Civil Procedure, requiring the making of a decision by the court. This would as well enable the appellate court to make the appropriate findings in case of a reversal, and obviate the necessity of a new trial.

I, therefore, dissent from the affirmance of this order, and favor reversal and the granting of the motion made by plaintiff.

Order affirmed, with ten dollars costs and disbursements.