In the Matter of RUTH L. LANGDON, Petitioner, against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Respondent.*

Supreme Court, New York County, April 1, 1929.

*Leonard M. Wallstein* [*Leonard M. Wallstein* and *Ralph M. Frink* of counsel], for the petitioner.

*Arthur J. W. Hilly, Corporation Counsel* [*William E. C. Mayer, Assistant,* of counsel], for the respondent.

GLENNON, J. This is a motion for peremptory order of mandamus commanding the defendant teachers' retirement board of the city of New York to retire the petitioner for disability under the teachers' retirement system and to pay her a retirement allowance, including a credit for " two years' prior service." The board of examiners at the time of the petitioner's appointment as a teacher made an allowance to her of two years for business experience with Geo. L. English & Co., where petitioner had been employed as a stenographer for a period of seven and one-half years. In making this allowance the board of examiners supposedly acted

* Affd., 226 App. Div. 870; 252 N. Y. 508.

pursuant to the authority conferred upon it by section 1091 of the Greater New York Charter (Laws of 1901, chap. 466), which in part reads as follows: " * * * The board of examiners shall issue to a principal or a teacher who had experience in schools other than the schools in the City of New York a certificate stating that experience of such teacher is equivalent to a certain number of years of experience in the schools of the said city. The board of examiners shall issue to a principal or teacher who has had experience in schools other than the high and training schools of the City of New York, a certificate stating that the experience of such teacher is equivalent to a certain number of years of experience in the high and training schools of the said city. Such certificates made by the board of examiners shall be final and conclusive on all matters pertaining to experience therein stated, and shall entitle their holders to salaries in accordance with the schedules of salaries established in conformity with this section, in like manner as though the years mentioned in such certificates had been served in those schools of the City of New York that are respectively mentioned in such certificates." In 1917, as required by the rules and regulations of the teachers' retirement board, the relator filed with the board a statement, including, among other things, the fact that the board of examiners had allowed the relator a credit of two years' prior service for business experience, as previously mentioned. In 1921 the teachers' retirement board issued to relator a prior service certificate certifying that the relator had filed with the retirement board a statement of prior service, for which credit is claimed, and certifying that the relator is entitled to an aggregate credit of thirteen years nine months and twenty-seven days. In making this determination the retirement board acted by authority of section 1092, subdivision H, of the Greater New York Charter (as amd. by Laws of 1917, chap. 303) which reads as follows: " H. In computing the length of service of a contributor for retirement purposes under the provisions of this act, full credit up to the nearest number of years and months shall be given each contributor by the retirement board (a) for all city-service; and (b) in the case of present-teachers for all teaching or supervisory service in schools and colleges not maintained by the City of New York; and (c) in the case of new-entrants for all teaching or supervisory service not exceeding fifteen years, in schools and colleges not maintained by the City of New York. Under such rules and regulations as the retirement board shall adopt, each teacher shall file with the retirement board a detailed statement of all such service rendered by him. As soon as practicable thereafter, the retirement board shall verify such statement as to prior service

and shall issue to each teacher a certificate certifying to the aggregate length of his prior-service. Such certificate shall be final and conclusive as to his prior-service unless thereafter modified by (a) the retirement board upon application by the teacher; or (b) by the board of education upon application by the teacher or by the retirement board, provided such application for modification be made to said board of education within one year after the issuance of a certificate or a modified certificate by the retirement board. A certificate for prior-service issued to a present-teacher shall certify the total length of prior-service allowance for said present teacher through the sixteenth day of September, nineteen hundred and seventeen. The time during which a contributor was absent on leave of absence without pay shall not be counted in computing the prior-service or the total-service of a contributor, unless allowed both by the head of the department in which the said contributor was employed at the time said leave of absence was granted and by the retirement board; the time during which a contributor was absent on leave of absence on full pay or part-pay from city-service shall be counted in computing the prior-service and the total-service of said contributor. For the purpose of computing prior service the retirement board shall fix and determine by appropriate rules and regulations how much service rendered on the basis of the hour, day or session, or any other than a per annum basis, shall be the equivalent of a year of service. No allowance shall be made for such service as a substitute teacher, night school teacher, vocational school teacher, or for any service rendered in a position to which the contributor was not regularly appointed and served on a per annum salary unless such service was city-service. But all service allowed by the board of examiners of the board of education pursuant to section ten hundred and ninety-one shall be allowed by the retirement board." In February, 1928, the petitioner applied for disability retirement. The medical board certified that she was incapacitated for the performance of duty and ought to be retired. Her retirement allowance was thereafter fixed, giving credit for two years of " prior service." When the question came before the retirement board for its determination two resolutions were prepared, one giving the petitioner credit for the prior service and the second disallowing the prior service. Each of these resolutions was moved for adoption and each of them failed to pass. Thus, as the board is deadlocked on the question, this present application for mandamus is made to the court. It is the contention of the defendant that the credit of two years' prior service as allowed by the board of examiners

was illegal and void because of the fact that section 1091 of the charter did not authorize the board to allow this two years' credit for business experience. In answer to this petitioner contends that whether the board of examiners had authority under section 1091 of the charter to allow the petitioner such two years' credit is immaterial, for if the board of examiners erred in allowing this credit, and even if the retirement board erred in allowing two years. as " service allowed by the board of examiners of the board of education pursuant to section 1091," nevertheless the action of the retirement board in determining the amount of credit and the certificate which the board issued to the petitioner are conclusive; that this is so on general principles and by express provision of the statute itself; that the question as to what service was allowed by the board of examiners under section 1091 has been determined and adjudicated in the manner provided by statute, and the adjudication, even if erroneous, is final except for the review provided by law, and that no modification having been made of such a review the determination stands and the petitioner has a clear legal right to receive a retirement allowance computed according to such determination and certificate. The first question to be determined is whether the board of examiners in making an allowance to petitioner of two years for business experience acted within the scope of its authority. The provisions of section 1091 of the charter, quoted above, indicate very clearly that the board in making this allowance exceeded its authority. That section authorizes the board to give credit for prior teaching experience, but contains no provision giving any authority to allow credit for business experience. Thus, in allowing the petitioner a credit of two years, the board exceeded its powers. Its act, therefore, was illegal and void, and unless some subsequent act or some other statute validated it it still so remains. This brings me to the second question, namely, whether the action on the part of the retirement board made valid that which was initially void. The petitioner contends that the determination of the retirement board upon which a prior service certificate was issued is final and conclusive by virtue of the provisions of section 1092 of the charter, subdivision H, above quoted, because the board in making its determination acted in a judicial or quasi-judicial capacity. On this point I cannot agree with petitioner. Section 1092, subdivision H, of the charter expressly provides that " all service allowed by the board of examiners of the board of education pursuant to section ten hundred ninety-one shall be allowed by the retirement board." This provision, to my mind, deprives the retirement board of all discretion in the matter and compels it to adopt the

ruling of the board of examiners as its own. In crediting petitioner with the previous allowance for business experience made by the board of examiners, the retirement board acted more in an administrative or ministerial capacity than in a judicial or even quasi-judicial one. It passed upon no question of fact or of law. It had no right to determine whether the ruling of the board of examiners was correct or erroneous. It was compelled to make the allowance regardless of its own views upon the subject. So far as it was concerned the question was a settled one. Even assuming, for the purposes of argument, that the retirement board acted in a judicial or quasi-judicial capacity, its determination can be attacked in the present proceeding. The authorities relied upon by petitioner to support the proposition that the determination of a board which acts judicially cannot be attacked make the exception that its decision can be reviewed by the court where its act or the act of another subordinate board was void or made illegally. (*Eddy* v. *People*, 218 Ill. 611; *People ex rel. Reynolds* v. *Common Council*, 21 N. Y. Supp. 598.) In the instant case the board of examiners acted beyond the authority conferred upon it by the charter and the allowance made by it was void and illegal. In conclusion, it is my opinion that the teachers' retirement board in passing upon the allowance of the board of examiners acted in a ministerial capacity, and even if it did not its determination is nevertheless open to attack. It was never the intention of the framers of the charter to permit any subordinate body to validate an illegal act on the part of another subordinate body. Accordingly, an order of mandamus will be granted to the extent consented to by the city, namely, to cover a period of eleven years, nine months and twenty-seven days. Settle order.