In the Matter of the Application of JENNIE ERSKINE MURRAY, Respondent, for a Peremptory Order of Mandamus against TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Appellant.*

First Department, December 4, 1931.

* Revd., 258 N. Y. 389.

*Willard S. Allen* of counsel [*J. Joseph Lilly* and *William E. C. Mayer* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Clifton P. Williamson* of counsel [*William H. P. Oliver* and *James D. Ewing* with him on the brief; *Alexander & Green*, attorneys], for the respondent.

MARTIN, J.   The petitioner was employed as a teacher in a public school in the city of New York prior to August 1, 1917, and continued as such down to the 9th day of September, 1930.   She was a duly qualified member of the Teachers' Retirement Association during that period.

The teachers' retirement board issued its certificate of membership and a prior service allowance in the retirement system to the petitioner on September 24, 1918, in which the board certified that she was entitled to an aggregate credit of twenty-two years and eight days as a prior service allowance on account of all services rendered prior to and including the 16th day of September, 1917. The prior service and her service since that day to September 9, 1930, amounts to a total of thirty-five years.   On this total service record the petitioner, pursuant to the Teachers' Retirement Law (Greater N. Y. Charter, § 1092), applied to the board for retirement as of September 9, 1930.   The board refused to grant her request and petitioner then moved at a Special Term of the Supreme Court for a peremptory order of mandamus directing the respondent teachers' retirement board to retire her as of that day.   That motion was granted.

It is contended by the appellant upon this appeal that the prior service certificate issued to teachers under the provisions of the Teachers' Retirement Law is not final and conclusive when obtained as the result of illegality or fraud; that the prior service claimed by the petitioner and credited to her in the certificate was two years and twenty-two days more than she was entitled to and that her service is over two years short of thirty-five years; that this difference of service with which respondent was credited on the certificate can now be set up to defeat her claim for retirement.

Section 1092, subdivision H, Greater New York Charter, provides that the prior service certificate of the teachers' retirement board, when verified, shall be final and conclusive unless modified within one year after its issuance by the teachers' retirement board.   The appellant contends that section 1092 has no application because the petitioner " erroneously, falsely and fraudulently " claimed credit for teaching service and the board illegally issued the certifi-

cate of prior service. The claim of the respondent petitioner for prior service was investigated in 1917, and the certificate was issued the following year.

The petitioner says that the allegations in the answer with respect to the alleged fraud are insufficient as a matter of law; that the board was charged with the duty of verifying the detailed statement on which the prior service certificate was issued, and the contents of that statement, as pleaded in the answer, charged appellant as a matter of law with knowledge of the true facts with respect to petitioner's prior service at the time of the issuance of the certificate.

The respondent stated that she had been a teacher in a Mount Vernon, N. Y., public school, the Rayson School, New York city, and the Lockwood School at Scarsdale, N. Y. On investigation it was discovered that the service claimed in the Mount Vernon school was three months more than respondent had actually been teaching; that because of the fact that she did not serve full days and full weeks in teaching, her service in the Rayson School and the Lockwood School was one year and ten months less than the time actually credited to her.

If the contention of respondent is correct, a misrepresentation of the facts is to be rewarded by a certificate which gives a teacher rights to which she is not entitled. The rule laid down by the Special Term not only ignores such misrepresentations but encourages and places a premium upon such conduct.

When this respondent submitted her statement of service she was bound to set forth the facts correctly and not mislead the officials who were charged with the duty of certifying to the same. She knew the true facts, the period of time she had been a teacher and the credit to which she was entitled.

The failure of those charged with the duty of investigating her statements should not deprive the appellant of its rights. Misrepresentation or fraud vitiates a certificate although not discovered within one year.

The law governing this subject will be found in *Matter of Langdon* v. *Teachers' Retirement Board* (135 Misc. 271; affd., 226 App. Div. 870; affd., 252 N. Y. 508), where the court said: " The authorities relied upon by petitioner to support the proposition that the determination of a board which acts judicially cannot be attacked make the exception that its decision can be reviewed by the court where its act or the act of another subordinate board was void or made illegally. (*Eddy* v. *People*, 218 Ill. 611; *People ex rel. Reynolds* v. *Common Council*, 21 N. Y. Supp. 598.) In the instant case the board of examiners acted beyond the authority conferred

upon it by the charter and the allowance made by it was void and illegal. In conclusion, it is my opinion that the teachers' retirement board in passing upon the allowance of the board of examiners acted in a ministerial capacity, and even if it did not its determination is nevertheless open to attack. It was never the intention of the framers of the charter to permit any subordinate body to validate an illegal act on the part of another subordinate body."

A similar proposition was before the court in *People* v. *Journal Co.* (213 N. Y. 1), where the Court of Appeals said: " We are not dealing with such a problem as would be before us if some question of fact in respect of the performance of the services or their value had been the subject of genuine dispute."

We are of the opinion, therefore, that this order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

FINCH, P. J., and O'MALLEY, J., concur; McAVOY and TOWNLEY, JJ., dissent upon the ground that the retirement board having acted upon the question whether or not the service rendered in the Mount Vernon, the Rayson and the Lockwood schools was correctly credited to respondent, its determination is not subject to review after the lapse of one year, the facts being present upon which decision might turn either way.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.