ELIZABETH G. CONNOR, Plaintiff, v. TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK, Defendant.*

First Department, December 4, 1931.

*Leonard M. Wallstein* of counsel [*Samuel D. Smoleff* with him on the brief], for the plaintiff.

*Willard S. Allen* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the defendant.

MARTIN, J. The questions presented by this submission are: (1) Whether certain credits allowed to the plaintiff for service

* Modfd., 259 N. Y. 151.

in vacation schools and vacation playgrounds, when found to· be incorrect, may be revised by the teachers' retirement board on its own initiative more than one year after allowance and the issuance of a prior service certificate. (2) Whether the teachers' retirement board may correct an error in addition made in computing the total of prior service, as a result of which plaintiff was overcredited with two years in the prior service certificate. (3) Whether the teachers' retirement board had authority under the Teachers' Retirement Law (Greater N. Y. Charter, § 1092) to allow and credit plaintiff for and on account of attendance as a student at the Brooklyn Training School for Teachers prior to May 1, 1900.

The teachers' retirement board of the city of New York, on September 28, 1920, issued to the plaintiff, pursuant to section 1092, subdivision H, of the Greater New York Charter, as amended by chapter 303 of the Laws of 1917, a prior service certificate which is in part as follows:

" Witnesseth, that Elizabeth G. Connor is a member of the Teachers' Retirement Association of the City of New York, is registered in the office of the Teachers' Retirement Board as contributor number 10920 of the Teachers' Retirement System of the City of New York, and is entitled to all of the rights and privileges accorded to present teachers by Chapter 303 of the Laws of 1917 of the State of New York.

" That, the before mentioned member has filed with the retirement board a statement of service rendered prior to and including September Sixteenth, Nineteen Hundred and Seventeen, for which credit is claimed under the retirement system.

" That, the retirement board has verified such statement of prior service and hereby certifies to said contributor that she is entitled to an aggregate credit of 24 years, 3 months and 27 days as a prior service allowance on account of all service rendered prior to and including the Sixteenth day of September, Nineteen Hundred and Seventeen.

" In Testimony Whereof, the Teachers' Retirement Board of the City of New York has caused this certificate to be issued."

This certificate was issued upon a detailed statement of service theretofore filed by plaintiff with the teachers' retirement board as provided by section 1092, subdivision H, of the Greater New York Charter. The board was charged with the duty of examining and verifying this statement before issuing its certificate of prior service. The plaintiff, in aid of such examination and verification, caused to be furnished to the defendant, at its request, a statement of the

board of education certifying to plaintiff's employment in vacation schools and vacation playgrounds.

The certificate of prior service was not modified by the board within one year after the date of issuance. It remained outstanding and unchallenged until about 1929, at which time, after a lapse of about nine years, the defendant board of its own motion re-examined the certificate and, following such re-examination, made a search of payroll records of the board of education, and after discovering that the original certificate was erroneous, made a new computation of plaintiff's prior service.

Subdivision H of section 1092 of the Greater New York Charter (Laws of 1901, chap. 466), as amended by chapter 303 of the Laws of 1917, since amended by chapter 658 of the Laws of 1930, and chapter 260 of the Laws of 1931, in part, provides, as follows:

" H. In computing the length of service of a contributor for retirement purposes under the provisions of this act, full credit up to the nearest number of years and months shall be given each contributor by the retirement board (a) for all city-service; and (b) in the case of present-teachers for all teaching or supervisory service in schools and colleges not maintained by the City of New York; and (c) in the case of new-entrants for all teaching or supervisory service not exceeding fifteen years, in schools and colleges not maintained by the City of New York. Under such rules and regulations as the retirement board shall adopt, each teacher shall file with the retirement board a detailed statement of all such service rendered by him. As soon as practicable thereafter, the retirement board shall verify such statement as to prior-service and shall issue to each teacher a certificate certifying to the aggregate length of his prior-service. Such certificate shall be final and conclusive as to his prior-service unless thereafter modified by (a) the retirement board upon application by the teacher; or (b) by the board of education upon application by the teacher or by the retirement board, provided such application for modification be made to said board of education within one year after the issuance of a certificate or a modified certificate by the retirement board. * * * For the purpose of computing prior-service the retirement board shall fix and determine by appropriate rules and regulations how much service rendered on the basis of the hour, day or session, or any other than a per annum basis, shall be equivalent of a year of service. No allowance shall be made for such service as a substitute teacher, night school teacher, vocational school teacher, or for any service rendered in a position

to which the contributor was not regularly appointed and served on a per annum salary unless such service was city-service. But all service allowed by the board of examiners of the board of education pursuant to section ten hundred and ninety-one shall be allowed by the retirement board."

The defendant contends that when substantial errors and inaccuracies are discovered in a prior service certificate, it is not final and conclusive as to the prior service therein stated and allowed.

The teachers' retirement board demands a declaration and judgment ordering that the certificate of prior service dated September 28, 1920, be amended (1) by inserting therein a revised or corrected sum total of the items of prior service credited and allowed by the retirement board, varying and reducing the total to correct an error of two years made in the addition of the various items; (2) by varying and reducing the total to credit an error of twenty-five days granted by the retirement board to plaintiff on account of services in vacation schools and vacation playgrounds. Such a course will conform the credit to the amount of the service shown by the payroll records of the board of education, as having been actually rendered by plaintiff, and (3) by varying and reducing the total by eliminating the credit of two years granted for and on account of attendance as a pupil at the Brooklyn Training School for Teachers prior to May 1, 1900, so that the prior service certificate shall read that the plaintiff is entitled to an aggregate credit of twenty years, three months and two days, instead of twenty-four years, three months and twenty-seven days as allowed therein.

There was no authority in the defendant teachers' retirement board to allow credit for service never rendered. The allowance was clearly the result of errors. Manifest errors may be corrected. (*People* v. *Journal Co.*, 213 N. Y. 1.)

The certificate allows credits to the teacher of more time than she was entitled to in one instance, and to less than she was entitled to in another instance. This was not a discretionary matter where the board was called upon to decide a disputed question, but a mistake in accepting as correct an erroneous certificate of the board of education filed by plaintiff. That certificate represented as true that which was false.

The second point is similar to the first. Here there was a palpable mistake in addition, which gave the plaintiff an allowance of two years more than the correct time. It is contended that here also the teacher may take advantage of that mistake and that it cannot be corrected. No such power as claimed is given by the

Greater New York Charter. The charter provides in detail for a certificate, but does not confer upon the defendant the right to disburse the funds of the defendant by issuing a false or incorrect certificate.

The one-year provision for revision was clearly intended to govern cases where discretion was lodged in the teachers' retirement board and not to prevent the correction of errors after they had been detected. Otherwise, the board might issue certificates without any basis whatever, which would be binding on the defendant and in that manner grant pensions to which teachers were not entitled.

The contention that the board may include as teaching service the period plaintiff served as a pupil is met by the provisions of the Greater New York Charter which provide in detail the service that may be considered. It does not permit any allowance as prior service for time a teacher attended a college or training school preparing to teach, and during which time she was actually a pupil. (*Matter of Langdon* v. *Teachers' Retirement Board*, 135 Misc. 271; affd., 226 App. Div. 870; affd., 252 N. Y. 508.)

The cases cited to sustain the contentions of the plaintiff are not to the effect that when the teachers' retirement board exceeds its power, its acts are conclusive. The board clearly exceeded its authority in erroneously giving less time in one instance and more time in another than that to which plaintiff was entitled and in crediting as teaching experience a period during which plaintiff was a pupil in a training school.

The defendant is entitled to judgment accordingly, with costs.

FINCH, P. J., and O'MALLEY, J., concur; McAVOY and TOWNLEY, JJ., dissent in so far as the prevailing opinion declares that the retirement board may vary the certificate of prior service by reducing the total to correct an error of twenty-five days granted by the retirement board to plaintiff on account of service in vacation schools and vacation playgrounds, on the ground that such certificate is binding and conclusive after the expiration of one year.

Judgment directed in favor of defendant in accordance with opinion, with costs. Settle order on notice.