MARY NICHOLSON, as Administratrix of the Estate of
   JOHN NICHOLSON, Deceased, Appellant, *v.* GREELEY
   SQUARE HOTEL COMPANY, Respondent.

Master and servant — negligence — contributory negligence —
fatal injuries to mechanic working in elevator shaft and struck
by elevator descending in adjoining shaft — duty of employer
to protect workman in such place — when evidence does not
justify finding that decedent was chargeable with contributory
negligence — doctrine of assumption of risk not applicable.

1. Where a mechanic was put in one of nine adjoining elevator
shafts to repair the doors thereof, which work required him to stand
on the top of the elevator cage, to put the door in front of him in order,
with elevators shooting up and down beside him, the employer was
charged with the duty of vigilance to keep him safe from harm, and
where such workman was struck and killed by the elevator in the
adjoining shaft, descending swiftly and without warning, and an
action was brought to recover for his death, the question whether
the defendant had been negligent was one for the jury.
   2. Where in such case there is no basis in the evidence for a finding
of contributory negligence, the Appellate Division erred in reversing
the judgment for plaintiff " on the ground that decedent was guilty
of contributory negligence as matter of law." The burden of proof
was on the defendant to show that decedent's own negligence had
brought him within the path of the descending car (Code Civ. Pro.
§ 841-b) and that burden was not sustained.
   3. The defense of assumption of risk not urged upon the trial is
not available for the first time on appeal, since this court is not to
presume that the notice of injury was inadequate and if it was adequate
it would have made the case subject to the provisions of the Labor
Law, in which event assumption of risk would not be a defense.
Moreover, there being no mention of such defense either in the brief
or in the oral argument of counsel for the defendant, it must be held
to have been abandoned.
   *Nicholson* v. *Greeley Square Hotel Co.*, 181 App. Div. 884, reversed.

(Argued November 19, 1919; decided December 9, 1919.)

APPEAL from a judgment, entered December 21, 1917,
upon an order of the Appellate Division of the Supreme
Court in the second judicial department, reversing a

[227 N. Y.]      Opinion, per CARDOZO, J.      [Dec.,

judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William D. McNulty* for appellant. The defendant was clearly negligent. (*McGovern* v. *C. V. R. R. Co.*, 123 N. Y. 280; *Schlemmer* v. *R. R. Co.*, 205 U. S. 1; *Western Electric Co.* v. *Houselmann*, 136 Fed. Rep. 564; *Pantzar* v. *Tilly Foster Iron Mining Co.*, 99 N. Y. 376; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131.) The burden rested on defendant to establish contributory negligence by affirmative proof. (Code Civ. Pro. § 841-b; *Donohue* v. *East River M. & L. Co.*, 224 N. Y. 149; *Curran* v. *Lake Champlain & M. R. R. Co.*, 211 N. Y. 60; *Gaffney* v. *N. Y. C. R. R. Co.*, 220 N. Y. 34.)

*E. Clyde Sherwood* and *Amos H. Stephens* for respondent. No negligence on the part of the employer was shown. (*Lynch* v. *Elektron Mfg. Co.*, 195 N. Y. 171; *Swenson* v. *Wills, Inc.*, 152 App. Div. 711; *Andersen* v. *Thompson-Starrett Co.*, 153 App. Div. 740; *Spitzer* v. *Healy*, 159 App. Div. 505; *Quick* v. *Am. Can Co.*, 205 N. Y. 330, 334; *Voorhees* v. *Unger*, 151 App. Div. 35, 38; *Kirby* v. *D. & H. Canal Co.*, 20 App. Div. 473; *Crispin* v. *Babbitt*, 81 N. Y. 516; *Vogel* v. *American Bridge Co.*, 180 N. Y. 373.) The plaintiff's intestate was clearly guilty of contributory negligence. (*Phalen* v. *Rae*, 219 N. Y. 394; *Lynch* v. *Elektron Mfg. Co.*, 195 N. Y. 171; *Quick* v. *American Can Co.*, 205 N. Y. 330; *Gunderson* v. *Roebling Const. Co.*, 156 App. Div. 16; 194 N. Y. 529; *Andersen* v. *Thompson-Starrett Co.*, 153 App. Div. 740; *Spitzer* v. *Healy*, 159 App. Div. 505; *McLaughlin* v. *Ry. Co.*, 111 App. Div. 254; *Cloke* v. *Pittsburg Cont. Co.*, 155 App. Div. 461; *Hogan* v. *R. R. Co.*, 208 N. Y. 445.)

CARDOZO, J. This is an action for injuries resulting in death.

The plaintiff's intestate, John Nicholson, was employed

by the defendant as a carpenter at the Hotel McAlpin in the city of New York. The doors of the elevator shafts were out of order, and Nicholson was directed by his foreman to set them right. The hotel is twenty-four stories high, and there are nine elevator shafts, five on one side of the hall and four on the other. Nicholson, when he met his death, was working in shaft number 2. Standing on the elevator cage, which had been raised to the ninth floor, he was doing what was needful to put the door in front of him in order. While he was working, the elevator in the adjoining shaft, descending swiftly and without warning, struck and killed him. At Trial Term the plaintiff had a verdict, which the Appellate Division reversed " on the ground that decedent was guilty of contributory negligence as matter of law." In this court, the defendant attempts to sustain the reversal on that ground, and also on the ground that there was no evidence of the defendant's negligence. We think the attempt must fail.

(1) Whether the defendant had been negligent was a question for the jury. On this subject, our conclusion is not at variance with that of either of the courts below. The defendant knew that Nicholson was working in one of the shafts. It knew, or, as a jury might find, ought to have known, that his work would bring him in dangerous proximity to the elevator in the adjoining shaft. The two shafts were separated by an I-beam, $4\frac{1}{2}$ inches wide, at the level of the floors. There was no dividing wall. A turn to the right or to the left might bring the worker in the path of danger. Death was a question of inches. In these surroundings, Nicholson was busy at his task. His task was to make the doors run smoothly in their grooves. He had been engaged upon it, moving from one elevator to another, for upwards of three days. In the shaft where he was killed, he was cutting away plaster from above the dividing I-beam. While he worked, the adjoining elevator

mounted and descended. It moved with great velocity. Between the basement and the fourteenth floor, it made no stops at all. From the fourteenth floor to the twenty-fourth, the top of the building, it took on passengers and discharged them. It passed and repassed forty-eight times an hour, or nearly once a minute. Reasonable men might not unreasonably say that some safeguard should have been adopted by the defendant for the protection of its servant, intent upon his task, a margin of a few inches between him and destruction. Possible safeguards readily suggest themselves. The elevator might have stopped for a moment as it reached the floor where he was working. If it did not stop, it might have slackened its pace, and signaled its approach. There was neither halt nor pause nor signal. The defendant says it did not know that the work would be so near the I-beam. Its duty was to learn. The work gave warning by its nature that exposure to danger might be expected. The door of the shaft, when opened, extended from eight to twelve inches into the shaft adjoining. One could not swing it to and fro, to test its movement, without risk of swerving to the right and left. One could not clear its course from end to end without the likelihood that one would have to stand and labor close to the dividing line. Such risks were within the range of prudent foresight. The precise accident that happened may not have been foreseen (*Munsey* v. *Webb*, 231 U. S. 150, 156; *Condran* v. *Park & Tilford*, 213 N. Y. 341, 345). The possibility of some accident ought to have been foreseen (*Munsey* v. *Webb, supra*). Nicholson was not restricted to the doing of any one thing, in order to make smooth and true the movement of the doors. He was not directed to stand at any one place. He was put within the shaft, and told to accomplish a result. The defendant who put him there, with elevators shooting up and down beside him, was charged with the duty of vigilance to keep him safe from harm.

(2) We see no basis for a finding of contributory negligence.   To hold with the Appellate Division in that respect is to ignore section 841-b of the Code of Civil Procedure, which has changed the burden of proof. Nicholson's body was found on top of the cage, his head athwart the I-beam.   The burden was on the defendant to show that his own negligence had brought him within the path of the descending car.   That burden was not sustained.   He may have slipped or stumbled or lost his balance.   If none of these things befell him, he may have miscalculated the distance in crouching down or bending forward to his work, or again in rising from it (*Schlemmer* v. *Buffalo, Rochester & Pittsburg Ry. Co.*, 205 U. S. 1, 14).   He may have relaxed his vigilance a brief second, his mind absorbed in an engrossing task (*Conway* v. *Naylor*, 222 N. Y. 437, 443); and relaxation for a second would have exposed him to this swift and silent peril.   Any one of these and other possible hypotheses would forbid the imputation, as a matter of law, of contributory negligence.   At most, the question was for the jury.

(3) The defense of assumption of risk does not help the defendant, for it was not urged upon the trial.   Had it been urged, the plaintiff might have been able to overcome it.   In such circumstances, it is not available for the first time on appeal (*Scott* v. *Morgan*, 94 N. Y. 508, 515; *People* v. *Journal Co.*, 213 N. Y. 1, 6).   To overcome it, the plaintiff might have proved the preliminary notice alleged in the complaint.   We are not to presume that the notice was inadequate.   If adequate, it would have made the case subject to the provisions of the Labor Law.   In that event, assumption of risk would not be a defense (*Maloney* v. *Cunard S. S. Co.*, 217 N. Y. 278; *Collelli* v. *Turner*, 215 N. Y. 675).   Even now, there is no mention of the defense either in the brief or in the oral argument of counsel for the defendant.   We hold it abandoned.

The judgment of the Appellate Division should be reversed, and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

·HISCOCK, Ch. J., CHASE, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.