MAE B. STEVENS, as Administratrix, etc., of JOHN DEAN STEVENS, Deceased, Respondent, v. SOUTH BAY CONSOLIDATED WATER COMPANY, INC., Appellant.— Judgment affirmed, with costs.   The failure to move to dismiss at the end of the plaintiff's case and at the end of the whole case, or to move for the direction of a verdict, was a concession that there was a question of fact involved as to negligence and contributory negligence.   There was ample proof of negligence.   Defendant did not maintain its burden of proof that decedent was guilty of negligence, for there were hypotheses which would indicate the absence of such negligence. There was a question of fact for the jury and its verdict was not against the weight of the evidence.   (*Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345.) Lazansky, P. J., Young and Scudder, JJ., concur; Carswell and Tompkins, JJ., dissent upon the ground that the decedent was guilty of contributory negligence as a matter of law and, therefore, the verdict was contrary to the evidence.

TOWN OF ISLIP, Appellant, v. F. E. SUMMERS COAL & LUMBER COMPANY, INC., Respondent, and Others, Defendants.   In the Matter of the Application of F. E. SUMMERS COAL & LUMBER CO., INC., Respondent, for a Peremptory Writ of Mandamus against WARREN C. HAFF, as Town Clerk of the Town of Islip, in Suffolk County, New York, Appellant.— Order denying plaintiff's motion for an injunction *pendente lite* reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that the denial was improvident.   Upon the trial, after a full review of the facts, the reasonableness of the ordinance* may be determined, but in the meantime the *status quo* should be maintained.   Peremptory mandamus order reversed upon the law and the facts, without costs, motion denied, with ten dollars costs, and an alternative mandamus order directed to be issued; the action and proceedings to be consolidated and disposed of on one trial.   The respondent was not entitled to a peremptory mandamus order.   Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

HERMAN WEISS, Appellant, v. DAVID DRIMER, Respondent.— Order as resettled, denying plaintiff's motion to strike out defenses, and order denying motion for reargument, affirmed, with ten dollars costs and disbursements.   No opinion. Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ., concur.

FRED WELLS, Respondent, v. RAY H. ARNOLD, Appellant.— Order, in so far as it denies motion to dismiss plaintiff's second amended complaint for insufficiency or to make the complaint more definite and certain and separately state and number the allegations thereof, affirmed, with ten dollars costs and disbursements. In so far as it denies motion to extend defendant's time to answer, order reversed upon the facts, without costs, and motion granted, without costs; defendant to have ten days from service of a copy of the order herein within which to serve an answer.   In the circumstances defendant is entitled to this relief.   Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

---

* See Town of Islip, Suffolk County, Zoning Ordinance of 1928.— [REP.