MARY S. ANDROSS, as Administratrix of the Estate of RAYBERT S. ANDROSS, Deceased, Appellant, *v.* TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Respondent.

Argued October 22, 1941; decided December 4, 1941.

*Stephen Callaghan*, *Ralph Stout* and *Isidor Neuwirth* for appellant. The question of defendant's negligence was one of fact for the jury. (*Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; *McLean* v. *Studebaker Bros. Co.*, 221 N. Y. 475; *Peck* v. *Weil*, 231 App. Div. 670; 235 App. Div. 601; 259 N. Y. 540; *Meiers* v. *Koch Brewery*, 229 N. Y. 10; *Galvin* v. *Mayor*, 112 N. Y. 223; *Shines* v. *W. & Y. Realty Corp.*, 259 App. Div. 596; 284 N. Y. 647; *Frate* v. *State*, 245 App. Div. 442; *Swistak* v. *Erie R. R. Co.*, 208 App. Div. 553; 239 N. Y. 549; *Fordham* v. *Gouverneur Village*, 160 N. Y. 541; *Cornbrooks* v. *Terminal Barber Shops, Inc.*, 282 N. Y. 217.) The question of contributory negligence was one of fact for the jury. (*Nelson* v. *Nygren*, 259 N. Y. 71; *Eastland* v. *Clarke*, 165 N. Y. 420; *Lee* v. *City Brewing Corp.*, 279 N. Y. 380; *Peck* v. *Weil*, 231 App. Div. 670; 235 App. Div. 601; 259 N. Y. 540; *Crough* v. *N. Y. C. R. R. Co.*, 260 N. Y. 227; *Galvin* v. *Mayor*, 112 N. Y. 223; *Stump* v. *Burns*, 219 N. Y. 306; *Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233; *Sackheim* v. *Pigueron*, 215 N. Y. 62; *Seyford* v. *Southern Pacific Co.*, 216 N. Y. 613.)

*Bertrand L. Pettigrew* and *Chauncey L. Grant* for respondent. The evidence failed to establish that any part of the window ledge fell with plaintiff's intestate, or that any break or giving way of the window ledge caused or contributed to his fall. (*Dillon* v. *Rockaway Beach Hospital*, 284 N. Y. 176; *O'Reilly* v. *Brooklyn Heights R. R. Co.*, 82 App. Div. 492.)

LOUGHRAN, J. Mary S. Andross, as administratrix, brought this action to recover damages for the death of her husband, a window cleaner, who was killed by falling from a window at the fourth story of a building of the defendant in the city of New York.

The window was cleaned by the decedent from the outside. He had on a safety belt that had been approved by the State Industrial Board. The belt terminals had been attached by him to anchors installed for that purpose on either side of the window. Plaintiff did not allege

that these anchors were insufficient or that they were wrongly set. No one saw the decedent fall. The outer sill on which he stood was a block of sandstone. There was evidence that " the stone was in a disintegrated condition, easily broken off, as the binder was all destroyed by time." There was evidence that scales of sandstone were near the fallen body of the decedent and that a piece of the sill eight inches long had been displaced by what appeared to be a fresh break.

The issues have been tried twice. On the first trial the plaintiff had a verdict. On appeal by the defendant the plaintiff's judgment was reversed at the Appellate Division where the law of the case was declared in a form which both parties adopted on the new trial granted to the defendant. This phase of the record is of controlling import.

Section 202 of the Labor Law (Cons. Laws, ch. 31) provides: " No person shall clean any window of a public building from the outside unless the equipment and safety devices required by this chapter and the rules of the board of standards and appeals are provided for his protection and used by him while engaged at cleaning such window." Rules so incorporated by the statute include the following: " Window cleaners using a safety belt shall attach one belt terminal to anchor before stepping out onto the sill. During the operation of window cleaning, both belt terminals shall be attached to the anchors." (See Labor Law, §§ 28, 29; Industrial Code, Bulletin No. 21; rule 21–9.2.)

On the first trial the jury were instructed that the foregoing provision of section 202 of the Labor Law " imposes no duty except during the actual operation of cleaning the window." That interpretation was rejected by the Appellate Division for reasons stated, as follows: " We construe that portion of the section which prohibits the window cleaner from dispensing with the use of the safety devices ' while engaged at cleaning such window ' to mean that he has the duty of using such devices until he returns to a place of safety, if it is practicable to do so. Here the defendant had provided anchors to which the decedent's

safety belt could have been attached. The evidence permitted the inference that he had disconnected his belt preparatory to re-entering the window prior to his fall. Whether he could have left his belt attached to one of the anchors until he was safely inside the window was, under the circumstances, a question of fact for the jury." (260 App. Div. 941, 942.)

No question as to the correctness of that construction of the foregoing provision of section 202 of the Labor Law is now before us, for on the new trial that construction was at the defendant's behest laid down to the jury without objection by the plaintiff. Once more the plaintiff had a verdict. The case is here on her appeal from a second judgment of reversal. " Defendant's proof," the Appellate Division has now said, " conclusively demonstrates that it was practicable for him [the decedent] to have re-entered the window from the outside to a place of comparative safety on the inner window sill, or on the floor, before detaching the remaining one of the two terminals from its anchor. The inevitable inference is that the decedent voluntarily relinquished the protection which the safety devices afforded and thus was guilty of contributory negligence as a matter of law." (262 App. Div. 872.) For that reason the plaintiff's complaint has been dismissed.

We think it was not open to the Appellate Division on this record to declare as a conclusion of law that it was practicable for the decedent to have re-entered the window from the outside to a place of comparative safety inside it with one terminal of his belt still at anchor. Defendant's motion for the direction of a verdict in its favor ignored that proposition, possibly because there was substantial evidence that bulky objects obstructed access through the window inward to the adjacent room. At the request of the defendant the trial judge, with the consent of the plaintiff, gave this instruction to the jury: " I further charge you as follows: That if you find from the evidence in this case that it was practical for the plaintiff's intestate to have kept one of his belt terminals attached to an anchor

until he was inside the window, and he failed to do so, then he violated the command of section 202 of the Labor Law, which I read to you, and there can be no recovery in this action." In that state of the record the defendant was bound by the jury's verdict against it on the issue so left to them. Hence the Appellate Division was without the requisite premise for its inference that the decedent voluntarily submitted himself to being wholly unshackled on the outer sill of the window.

In thus holding the defendant to its position on the trial we do not mean to imply that in our opinion the jury were necessarily wrong in refusing to impute contributory negligence (*i. e.*, outright assumption of risk) to the dececent. In respect of that issue the burden of proof was on the defendant. (Civ. Prac. Act, § 265.) After the decedent had fallen the outer panes of the window appeared to have been completely cleaned; his cleaning implements were then on the floor within. It may have been that he was about to get inside himself — one terminal of his belt still fast — when the outer sill loosened under his feet. It may have been that then and there the fixed terminal was unhooked from its anchor by some involuntary movement induced by the torment of the moment. (Cf. *Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345, 349.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in the Appellate Division and in this court.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgment accordingly.