ELISE S. LEE, Appellant, *v.* CORN EXCHANGE BANK TRUST COMPANY, Respondent.

Second Department, November 5, 1945.

[image redacted]

*George W. Herz* for appellant.

*James H. Halpin* and *William Selnick* for respondent.

Lewis, J. This is an action by the sole surviving beneficiary of a testamentary trust to recover trust funds deposited by an executor with the defendant and thereafter converted to the personal use of the executor and the latter's wife.

On June 23, 1933, Arthur S. Johnson opened a personal bank account at the defendant's Sutton Place branch. On June 7, 1934, a limited power of attorney drawn on a form furnished by the defendant and authorizing Johnson's wife to draw checks on that account was filed with the defendant. Thereafter, in January, 1938, Johnson opened another account in the same branch, in the name of " Estate of Joseph A. Lee, deceased, Arthur S. Johnson, Executor." Between February 5, 1938, and October 5, 1938, by thirteen checks made to his own order, Johnson procured the transfer of $3,450 in estate funds to his

personal account. Between February 5, 1938, and August 13, 1938, by eight other checks, he transferred $6,750 to a " Special " account which he maintained in another bank. And between May 21, 1938, and February 28, 1940, he cashed at the defendant bank's counter seven checks drawn on the estate account to his own order for an amount totaling $455.

It is not disputed that all the estate funds so transferred and the proceeds of the cashed checks were devoted to the personal use of the executor and his wife. On February 9, 1938, when the initial transfer of estate funds was made to the executor's personal account, his balance amounted to only $53.55. By February 15, 1938, the only non-estate funds in that account had been exhausted by checks drawn thereon by the executor's wife to the order of two finance companies and to a department store. Indeed, by the check for $55.03 drawn to the department store on February 15, 1938, and paid by the defendant on February 17, 1938, the executor's wife, acting under the power of attorney, invaded the estate funds. The defendant does not contend the executor's wife had any such authority.

Here, as in *Grace* v. *Corn Exchange Bank Trust Co.* (287 N. Y. 94, 105–107), defendant cannot escape being charged with knowledge that the executor was withdrawing moneys belonging to the estate and placing them in his own account, an account to which his wife had access under the power of attorney. By paying the checks drawn by the executor's wife on February 15, 1938, as well as some three hundred additional checks thereafter, the defendant became a participant in the diversion. The bank, having had notice on February 17, 1938, that the funds of the estate were being withdrawn by a stranger to the estate, is responsible for all estate funds thereafter misappropriated by the executor. (*Bischoff* v. *Yorkville Bank,* 218 N. Y. 106, 113, 114.)

*Bischoff* v. *Yorkville Bank* (*supra*) and *Grace* v. *Corn Exchange Bank Trust Co.* (*supra*) are distinguishable insofar as they hold that a bank is entitled to assume that a *fiduciary* will not misappropriate estate funds deposited in the fiduciary's personal account. The act of commingling has been made illegal by section 231 of the Surrogate's Court Act, yet the liability of a bank remains limited to cases where it has knowingly participated in the diversion of funds. (*Manufacturers Trust Co.* v. *United States Mortgage & Trust Co.,* 244 N. Y. 550; *Clarke* v. *Public Nat. Bank & Trust Co.,* 259 N. Y. 285.) But although a bank may, in the absence of adequate notice to the contrary, assume that an executor or trustee will properly apply trust

funds, even though they have been improperly commingled, it may indulge in no similar assumption as to the disposition to be made of such funds by a complete *stranger* to the estate who has access to the executor's personal account.

Upon this appeal, the defendant has not urged its defense of the three-year Statute of Limitations. The defense may, therefore, be deemed abandoned. (*Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345, 349.)

The judgment appealed from dismissing the complaint should be reversed on the law and the facts, with costs, and the action remitted to Special Term to compute the amount withdrawn by the executor from the fiduciary account and appropriated by him on and after February 17, 1938, by checks cashed by him and by checks drawn to him personally or to his special account. Judgment, with costs, should be directed for such amount in favor of the plaintiff, with interest at the rate of 6%.

CLOSE, P. J., CARSWELL and JOHNSTON, JJ., concur; ALDRICH, J., not voting.

Judgment reversed on the law and the facts, with costs, and the action remitted to Special Term to compute the amount withdrawn by the executor from the fiduciary account and appropriated by him on and after February 17, 1938, by checks cashed by him and by checks drawn to him personally or to his special account, and to direct judgment in favor of plaintiff for such amount, with costs, and with interest at the rate of 6%.