■ ROBERT J. NICOLA, Respondent, v MAE E. NICOLA, Appellant.—In a matrimonial action in which the plaintiff had previously been granted an uncontested divorce on the ground of abandonment, the defendant appeals from an order of the Supreme Court, Suffolk County, dated February 6, 1976, which denied her motion to vacate the judgment of divorce. Order affirmed, without costs or disbursements. Plaintiff-respondent obtained a judgment of divorce on the ground of his wife's abandonment. Although the wife filed a notice of appearance in the action, her answer was untimely and

was refused by plaintiff. The wife's motion to compel acceptance of her answer was made almost simultaneously with the notice of inquest by plaintiff, but the motion was returnable on a later date than that set forth in the notice. On the date of the inquest, the Special Term offered an adjournment if the wife would come from Missouri and be available for a trial within a week. The wife's counsel did not acquiesce in that arrangement. For that reason, and for the reason that the wife was, according to plaintiff's counsel, seeking delay of the New York action in order that her action for divorce in Missouri, commenced after the plaintiff commenced the New York action, might be determined before the New York action, Special Term proceeded with the inquest. In the light of the liberal policy that exists in New York respecting vacatur of defaults in matrimonial actions (see, e.g., *Rutledge v Rutledge,* 60 AD2d 646) we might have been inclined to grant the motion to vacate the judgment. However, defendant-appellant, in her brief, states that: "Each of the parties has remarried since this litigation has begun" and that "[t]his appeal is directed solely at opening the default judgment as it affects the economic differences of the parties and to permit an Answer to be interposed so that child support and property issues may be litigated." Under those circumstances, vacatur of the default was properly denied since appellant may apply for child support in the Family Court and may institute a plenary action in connection with any property issues which may be in dispute. Hopkins, J. P., Shapiro, Hawkins and O'Connor, JJ., concur.