■ Mary A. Mason, Respondent, v Robert C. Mason, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered June 12, 1978 in Rensselaer County, which denied defendant's motion to vacate a default judgment of divorce. On April 19, 1974 the parties entered into an agreement of separation. Plaintiff commenced this action for divorce on February 14, 1978 based upon the parties having lived separate and apart for a period of one year or more pursuant to the separation agreement. Defendant spoke to plaintiff's attorney on the telephone concerning the divorce but did nothing further. Thereafter, plaintiff was granted a default judgment of divorce which awarded child support in the amount of $37.50 per week for the infant issue of the marriage and counsel fees of $450. Within 30 days after entry of the judgment, defendant moved to vacate the default judgment. The motion was denied and this appeal ensued. Although the courts are liberal in granting motions to reopen default judgments in matrimonial cases, it is still incumbent upon the moving party to show a reasonable excuse for the default and the existence of a meritorious defense *(Biamonte v Biamonte,* 57 AD2d 1052; *Harris v Harris,* 35 AD2d 894). In an affidavit in support of his motion, defendant alleged that shortly after the separation agreement was entered into he and plaintiff resumed living together as man and wife and, consequently, the parties did not live separate and apart pursuant to the agreement. This cohabitation apparently lasted for only a short period of time. In order to nullify a separation agreement, however, mere cohabitation is insufficient absent an intent to reconcile *(Markowitz v Markowitz,* 52 AD2d 521). Defendant's affidavit does not contain any allegation that the parties intended to reconcile. In any event, defendant has not urged the invalidity of the separation agreement as a defense on this appeal and, therefore, we deem it abandoned *(Lee v*

*Corn Exch. Bank Trust Co.,* 270 App Div 2, affd 295 NY 945). Defendant's sole argument on the appeal is that the default judgment should be vacated on the ground that the court improperly modified the terms of the separation agreement by awarding counsel fees and support for the child of the marriage. In view of the fact that the separation agreement does not contain any provision regarding counsel fees, defendant's contention that the award of counsel fees modified the separation agreement is without merit. There remains only the issue of child support and under these circumstances we are of the view that denial of defendant's motion was proper since defendant may apply for a modification of the judgment regarding child support in the Family Court (cf. *Nicola v Nicola,* 61 AD2d 793). The order should be affirmed. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Staley, Jr., JJ., concur.