HELEN B. GORMAN, Appellant, v DAVID P. GORMAN, Respondent. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered August 5, 1982 in Franklin County, which denied plaintiff's motion to vacate a judgment of divorce. The parties, married in 1959, entered into a separation agreement, dated February 18, 1978, which provided for alimony, child support and division of their real and personal property. Defendant made the required alimony and child support payments until August, 1980, when plaintiff commenced an action to set aside the agreement on the ground of fraud and undue influence and to impose a constructive trust. Defendant counterclaimed for a judgment of divorce based upon the parties' compliance with the separation agreement for more than one year. Plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. Both motions were denied by order of Special Term entered March 26, 1981. Thereafter, defendant moved for summary judgment on his counterclaim for divorce and that motion was denied by order entered June 24, 1981. Defendant took an appeal from both adverse determinations. This court, by memorandum decision dated March 4, 1982 (87 AD2d 674), modified Special Term's first order by reversing so much thereof as denied defendant's cross motion for summary judgment dismissing the complaint and affirmed Special Term's second order. Thereafter, defendant's motion to dismiss the appeal taken by plaintiff was granted by the Court of Appeals on May 11, 1982 (56 NY2d 804). Defendant's remaining action for a divorce upon the ground that the parties had lived separate and apart pursuant to the terms of their separation agreement for a period in excess of one year was calendared for trial on a day certain, April 26, 1982. Prior to this date the trial court had advised defendant's attorney that a jury would be selected on April 26, 1982, and had instructed the court clerk to so advise Mr. Capoccia, plaintiff's attorney. When neither plaintiff nor her attorney appeared for trial, the court swore Roy Hill, the court clerk, who testified that he had called Mr. Capoccia's office as instructed and produced a telephone bill evidencing the charge for the call. The case proceeded as a nonjury matter with defendant testifying that he had made all alimony and child support payments required by the separation agreement and that more than one year had elapsed since the date of the agreement's execution. The trial court, pursuant to a written decision, awarded defendant a judgment of divorce. Plaintiff, by notice of motion moved to vacate the judgment of divorce on the ground of fraud and misrepresentation (CPLR 5015, subd [a], par 3). In support of the motion, the affidavit of

plaintiff's attorney alleged that, on April 26, 1982, an appeal from the Appellate Division's order was pending in the Court of Appeals, that he had not been advised of the day certain, and, further, that defendant had committed fraud and deceit upon the court by falsely testifying that there was no other action or proceeding pending between the parties when, in fact, plaintiff had commenced an action for divorce against defendant in Albany County in November of 1981. We have consistently held that while trial courts should be liberal in granting motions to vacate default judgments in matrimonial cases, it is still incumbent upon the moving party to show a reasonable excuse for the default and the existence of a meritorious defense (*Mason v Mason,* 69 AD2d 942). Here, the affidavit in support of the motion alleges that neither plaintiff, her attorney nor the employees of her attorney were notified that the trial on defendant's counterclaim was scheduled for April 26, 1982. This averment, in opposition to the sworn testimony of the court clerk that he had advised plaintiff's counsel telephonically as to the trial date, did no more than raise an issue of credibility by denying that Mr. Capoccia's office had received such a call. While it is true that defendant did incorrectly testify that there was no other action pending between him and his wife, this matter was corrected by the trial court which granted the judgment of divorce in an amended decision. Further, the misstatement that there was no other action pending had absolutely no relevancy to the proof necessary to support the judgment of divorce. The fraud, if indeed it be such, does not constitute intrinsic fraud which would require setting aside the judgment. The general rule is that for an action to qualify for dismissal or an order for vacatur on the ground of the pendency of another action, the other action must have been commenced first (see Siegel, New York Practice, § 262, p 321). Here, plaintiff's action to set aside the separation agreement, wherein defendant counterclaimed for divorce, was commenced in August of 1980. The other action for divorce was commenced by plaintiff in Albany County in November of 1981. Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.