■ LUCIEN V., Respondent, v CARMEN V., Appellant.—Order, Supreme Court, New York County (Walter Schackman, J.), entered on or about October 30, 1991, which denied defendant's motion to vacate orders and judgments of divorce and custody pursuant to CPLR 5015, unanimously modified, on the law and in the exercise of discretion, to vacate the award of permanent custody to plaintiff, and remand for further proceedings with respect to custody, and otherwise affirmed, without costs.

This matter involves the custody of the parties' sole issue, their son, born in New York City on October 9, 1989. Plaintiff-husband, who was born in Egypt, holds dual French and American citizenship, and has lived in the United States since 1964. He maintains a residence in New York City, where he has also owned an art gallery for 15 years. Defendant-wife is a Swiss citizen who, following her marriage to plaintiff on June 25, 1988 in New York City, resided here with him until December 1989.

In December 1989, defendant traveled to Switzerland with the child, ostensibly to visit her family, but in fact to remain permanently, and commenced a Swiss action for divorce and custody. For his part, plaintiff-husband commenced a proceeding in Supreme Court New York County, on March 15, 1990, also seeking divorce and custody. Each of the parties asserts that service of process with respect to the other's parallel proceedings was defective, and each contests the validity of orders and judgments—the Swiss court awarded custody to the petitioning wife, and the New York court awarded custody to plaintiff-husband—which were entered upon his/her default.

On June 3, 1991, during a court-ordered visit with his son in Switzerland, plaintiff physically assaulted and restrained the court-appointed monitor, and removed the child to Morocco, where they currently reside. Defendant-wife subsequently moved to vacate her defaults in the New York proceedings and, in the instant appeal, challenges the denial of this relief.

In light of this record, which establishes that each of the parties has resorted to self-help methods of obtaining *physical* custody of their child, and in which each attributes his/her default in contesting the other's custody proceeding to lack of proper notice, we conclude that the New York award of custody should be vacated, and the matter remanded for a full

hearing on this issue. In so doing, we decline to extend comity to the foreign custody decree, which was issued in December 1990, despite the existence of the New York custody order, entered approximately eight months earlier.

Rulings of foreign courts which violate principles fundamental to our system of jurisprudence will not be recognized by our courts *(see, Greschler v Greschler,* 51 NY2d 368, 377). Nevertheless, motions to vacate default in matrimonial actions should be liberally granted *(see, Gorman v Gorman,* 92 AD2d 709). Further, irrespective of the misconduct of both parties in this action, it is the best interest of the child which is of paramount concern *(Matter of Nehra v Uhlar,* 43 NY2d 242, 250), and this is a question most effectively determined when a full hearing is accorded to all concerned. Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.