■ STANLEY ELECTRICAL SERVICE, INC., Plaintiff, v. CITY OF NEW YORK et al., Defendants, and EDWARD H. BURDICK ASSOCIATES, INC., et al., Appellants-Respondents, and SOUTHERN EQUIPMENT COMPANY, EASTERN DIVISION, INC., Respondent-Appellant.— In an action *inter alia* to foreclose a mechanic's lien, certain of the defendants cross appeal from portions of an order of the Supreme Court, Queens County, entered March 8, 1966, on reargument, as follows: (1) Defendants Edward H. Burdick Associates, Inc., et al., appeal from so much of the order as (a) denied their motions to dismiss the fourth cross claim of defendant Southern Equipment Co., Eastern Division, Inc., (b) severed said cross claim and (c) permitted the service of new interrogatories by Southern on defendant Edward H. Burdick Associates, Inc., with respect to said cross claim. (2) Defendant Southern Equipment Company, Eastern Division, Inc. appeals, as limited by its brief, from so much of the order as granted the motions of defendants Burdick et al., to dismiss its first cross claim. Order modified by (1) adding to the fifth ordering paragraph a provision that the fourth cross claim of defendant Southern Equipment Company, Eastern Division, Inc., be stayed pending the final determination of the action in the United States District Court, Southern District of New York, entitled *Southern Equip. Co.* v. *D. Christensen* (65 Civ. 2920); (2) striking out the sixth decretal paragraph, which severed said cross claim; and (3) striking out so much of the seventh decretal paragraph as permits the service of new interrogatories dealing solely with the fourth cross claim of defendant Southern Equipment Company, Eastern Division, Inc. As so modified, order affirmed insofar as appealed from, without costs. In our opinion, the issues raised in the fourth cross claim are embraced by the second claim for relief in the action now pending in the United States District Court and will be disposed of by the determination in that action, which is well-advanced toward trial (CPLR 3211, subd. [a], par. 4; *National Fire Ins. Co.* v. *Hughes*, 189 N. Y. 84, 87; *Hunter* v. *Hunter*, 10 A D 2d 937; *Bradford* v. *Brooklyn Trust Co.*, 269 App. Div. 549, 550; see 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.26; 3 Carmody-Wait, New York Practice, Stays, § 20). Neither the difference in the amounts demanded in the two causes nor the characterization of a portion of the sum sought in the Federal action as "punitive" creates, in and of itself, a substantial difference between the actions. Nor does the allegation of a civil conspiracy in the Federal action have any meaningful effect. The actionable wrong committed is the substance of such an action, not the agreement to commit it (*Berman* v. *Medical Soc. of N. Y.*, 23 A D 2d 98, 100; *Cuker Inds.* v. *Crow Constr. Co.*, 6 A D 2d 415). The actionable wrongs alleged in the second claim for relief in the Federal court action are unjust refusal, by defendants Burdick et al., to pay debts to creditors and causing the loss, of reputation and potential sales, to suppliers and materialmen, including the cross complainant in this action. The actionable wrongs asserted in the fourth

cross claim in this action are the same defendants' failure to pay for equipment or to provide advertising and promotional benefits which would improve the cross claimant's business reputation and create potential sales. Under the circumstances, the fourth cross claim should have been stayed pending final determination of the Federal action. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.