■ JENSEN ASSOCIATES et al., Appellants, v JOAN MARTENS, Respondent. — In an action, *inter alia,* for an injunction, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), dated January 20, 1983, as, upon defendant's motion pursuant to CPLR 3211 (subd [a], pars 4, 7) to dismiss the action for failure to state a cause of action and on the ground that another action was pending between the same parties for the same cause of action, granted that motion to the extent of directing a change of venue of the action to New York County, without

prejudice to an application by either party to move to consolidate it with certain actions pending in New York County. Order affirmed insofar as appealed from, with costs. In June, 1982, the East 68th Street Tenants Corp. and several of its shareholders commenced an action against Jensen Associates (hereinafter Jensen) and FSB Properties, Inc. (hereinafter FSB), the plaintiffs herein, in New York County. The tenants corporation accused Jensen and FSB of not honoring their agreement to make the modifications necessary to obtain a tax abatement and a permanent certificate of occupancy for the building Jensen sold to the tenants corporation. By a counterclaim interposed in the action, as to which Joan Martens, the defendant herein, and others were named as additional parties, Jensen sought damages caused, *inter alia,* by Martens' alleged failure to comply with an agreement in which she granted Jensen and FSB access to her co-operative apartment for the purpose of making alterations and repairs necessary to securing the certificate of occupancy and tax abatement. In July, 1982, Jensen and FSB moved for a preliminary injunction compelling Martens to grant them access to her apartment. Justice Blyn of the Supreme Court, New York County, denied that motion on July 22, 1982, determining that Jensen and FSB could not seek a preliminary injunction because they had sued Martens for a "sum of money only" and because "there are substantial questions raised in the papers submitted whether movants complied with apparent conditions precedent to any right of access to Martens' apartment". Less than one week after Justice Blyn denied their motion for a preliminary injunction in the pending New York County action, Jensen and FSB commenced the instant action in the Supreme Court, Queens County, *inter alia,* for a permanent injunction requiring Martens to grant them access to her apartment. On August 6, 1982, Martens moved in the Supreme Court, New York County, to consolidate the two actions or, in the alternative, to change the venue of the Queens County action to New York County. By an order dated September 13, 1982, Justice Blyn denied Martens' motion, characterized the Queens County action instituted by Jensen and FSB as "an affront to the court and the judicial process", and accused Jensen and FSB of forum shopping. On August 5, 1982, Jensen and FSB moved in the Queens County action for a preliminary injunction. By order dated December 16, 1982 Justice Giaccio, *inter alia,* denied that motion, concluded that the appropriate remedy was an immediate trial, and ordered the action placed on the calendar of Trial Term, Part I, of the Supreme Court, Queens County, for January 20, 1983 "subject to the discretion of the Justice then presiding" therein. In the meantime, on November 15, 1982, Martens commenced an action against Jensen, FSB and another in the Supreme Court, New York County, for damages resulting from the failure of Jensen and FSB to do the work necessary to make her apartment habitable. Martens' New York County action was consolidated with the suit by the tenants and the tenants corporation against Jensen and FSB. Eight days before the date set for the trial of the instant Queens County action, Martens moved in that county to dismiss the action pursuant to CPLR 3211 (subd [a], pars 4, 7), arguing that there was another action pending between them on the same cause in New York County and that the complaint failed to state a cause of action. By the order appealed from Justice Lerner granted Martens' motion to the extent of directing a change of venue of the action to New York County "without prejudice to either party to seek in New York County consolidation of this action" with the other two actions pending in that county. In our opinion, Special Term properly exercised its discretion in directing that the venue of this action be changed to New York County (see CPLR 3211, subd [a], par 4; Siegel, NY Prac, § 262, p 321; *Stanley Elec. Serv. v City of New York,* 26 AD2d 951, mot for lv to app dsmd 19 NY2d 629). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.