(January 3, 1989)

■ Charles B. Schwarz, Appellant, v George Schwarz et al., Respondents.—Order of the Supreme Court, Bronx County (Jack Turret, J.), entered on May 12, 1988, which denied plaintiff's motion pursuant to CPLR 3212 for partial summary judgment and granted defendants' cross motion for partial summary judgment dismissing the first and third causes of action of the complaint, is unanimously modified on the law to the extent of reinstating the third cause of action, and otherwise affirmed, without costs or disbursements.

This action involves a disputed partnership agreement between plaintiff Charles B. Schwarz and defendant Sigrid Schwarz, also known as Kiki Kogelnick. Defendant George Schwarz is Sigrid Schwarz's husband and plaintiff's brother. The partnership in question, Nero Realty, was formed in order to purchase an eight-story loft building located at 54 Bleecker Street in Manhattan. The ground floor is currently occupied by Noho Star, Inc., a restaurant owned and operated by the individual defendants. The second and third floors are being utilized for commercial or manufacturing purposes, while the fourth through eighth stories have been renovated into residential apartments for artists (although Sigrid Schwarz is purportedly using unit 8A as a photo studio). Notwithstanding that the partnership has been in existence since 1978, no written agreement was executed until a decision was made to convert a portion of the premises to cooperative ownership, and a letter contract was thereafter exchanged between plaintiff and Sigrid Schwarz on April 24, 1985 and modified by another letter, dated June 5, 1985. Ultimately, a disagreement arose between the parties over the distribution of the proceeds of the sale of the converted apartments, as well as the utiliza-

tion by Sigrid Schwarz of portions of the building, and the instant action ensued.

Plaintiff subsequently moved, and defendants cross-moved, for partial summary judgment pursuant to CPLR 3212, and the Supreme Court granted defendants' cross motion and dismissed the first and third causes of action. In our opinion, the third cause of action, which relates to the occupancy of the ground floor by defendants' restaurant, should not have been dismissed. Although the third cause of action could have been more artfully drafted, the record herein discloses sufficient unresolved questions of fact to preclude summary judgment. It is also noted that plaintiff has not been accorded an opportunity to obtain discovery of defendants with respect, for example, to whether there was a lease for the first-floor premises (see, CPLR 3212 [f]). Not only is there an issue of fact concerning the possible existence of such a lease, but, even in the absence of a lease, the third cause of action asserts a viable claim for the fair market value of the use and occupancy of the ground floor by defendants as the letter agreements make no mention of any rental for this space. Concur—Murphy, P. J., Carro, Asch, Milonas and Smith, JJ.