■ THOMASINA FALZERANO et al., Appellants, v OLGA DE-LUCA et al., Respondents.—In an action, *inter alia,* to set aside two deeds conveying the respective interests of the individual defendants in a parcel of real property to the corporate defendant, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Dickinson, J.), dated February 1, 1988, which granted that defendants' respective motions to dismiss the complaint and canceled a lis pendens on the property.

Ordered that the order is affirmed, with costs to Lynlil Land Development Corp.

By numerous conveyances, Mary DeLuca, now deceased, granted to all of her children and one grandchild interests in her farm in Mahopac, which consisted of approximately 175 acres. Each deed contained a restrictive covenant, which provided: "this grant is made upon the express condition, understanding and agreement that none of the parties hereto can sell, hypothecate, mortgage, convey or encumber the respective share contained herein without the written consent of ¾ of the surviving children and grand-children to whom this grant is being made and to whom a similar grant is being

made of lesser amount by a deed dated simultaneously herewith and recorded simultaneously herewith".

The plaintiffs, aside from Maria Schmidt, are Mary DeLuca's surviving children. The plaintiff Maria Schmidt and the individual defendants are the heirs of Mary DeLuca's two deceased children, who had received grants directly from Mary DeLuca during their lifetime. The plaintiffs commenced this action to set aside two deeds which conveyed the undivided interests of the individual defendants in approximately 102 acres of farmland to the corporate defendant on the ground the conveyances violated the aforenoted restraint on alienation. It is noteworthy that the plaintiffs also conveyed their respective interests in the subject parcel to the corporate defendant pursuant to a contract of sale they executed prior to the conveyances. Nevertheless, the plaintiffs now demand the vacatur of only the conveyances made by the individual defendants, because the separate sale of the latters' interests in the land was allegedly made without the written consent of "¾ of the surviving children and the grand-children", who received their respective interests in the property directly from grants made by Mary DeLuca. Therefore, the plaintiffs contend that the sales were in contravention of the restraint on alienation set forth in the deeds executed by Mary DeLuca. Additionally, the plaintiffs also seek reimbursement from the individual defendants for moneys the plaintiffs, as tenants in common, spent to maintain the property over a period of about 17 years.

Before issue was joined, the corporate defendant and the individual defendants separately moved, *inter alia,* to dismiss the complaint pursuant to CPLR 3211 (a) (7). The individual defendants also sought dismissal pursuant to CPLR 3211 (a) (4) on the ground that another action between the same parties for the same cause of action was pending in another court. Although the plaintiffs and the corporate defendant alternatively requested summary judgment treatment, the individual defendants never joined in this request. The Supreme Court granted the defendants' respective motions to dismiss the complaint for failure to state a cause of action.

Initially, we note that in the absence of notice pursuant to CPLR 3211 (c), the Supreme Court erred in predicating its decision, in part, on principles applicable to a motion for summary judgment *(see, Mihlovan v Grozavu,* 72 NY2d 506, 508; *Four Seasons Hotels v Vinnik,* 127 AD2d 310, 320). Nevertheless, given their most favorable intendment *(see, Arrington v New York Times Co.,* 55 NY2d 433, 442), the

pleaders' allegations of fact do not suffice to state a cause of action to set aside the subject deeds. The restrictive covenants relied upon by the plaintiffs to vacate the sale never applied to any of the defendants. The restraint on alienation is clear on its face, to wit, "parties" to the transfer of the deeds from Mary DeLuca had to acquire written permission from "¾ of the surviving children and grand-children" in order to "sell, hypothecate, mortgage, convey or encumber the respective shares". None of the defendants herein were parties to the deeds containing the restrictive covenant and, thus, were not bound by the clause.

Lastly, the plaintiffs' cause of action seeking reimbursement from the individual defendants for moneys the plaintiffs expended to maintain the farmland should have been dismissed on the ground this claim was raised in a prior partition action which is still pending between the parties (see, CPLR 3211 [a] [4]). The plaintiffs had commenced the partition action in the Supreme Court, Putnam County, when the individual defendants refused to join them in the sale of the farmland. The only difference between the instant claim and the cause of action in the prior case is the monetary relief demanded, which does not bar a dismissal pursuant to CPLR 3211 (a) (4) (see, Stanley Elec. Serv. v City of New York, 26 AD2d 951). Mangano, J. P., Brown, Rubin and Kooper, JJ., concur.