■ CHARLES B. SCHWARZ, Appellant, v MILTON S. SHAPIRO, Respondent, et al., Defendants, et al., Counterclaim Defendant. [608 NYS2d 210] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered December 31, 1992, which granted defendant Shapiro's motion for summary judgment dismissing the complaint as against him, unanimously affirmed, with costs.

On a prior appeal, we affirmed that portion of the order which dismissed plaintiff's claim for rescission of a letter agreement. That cause for rescission was dismissed on the basis that the plaintiff had ratified the agreement and accepted the benefits thereunder (146 AD2d 451). Following this determination, plaintiff was granted leave by Supreme Court to assert causes sounding in malpractice against defendant Shapiro, the attorney who drafted these letter agreements.

The IAS Court properly determined that the prior decision constituted a finding that plaintiff understood the terms of the agreement and accepted the benefits thereunder and he is therefore precluded from asserting claims in the nature of malpractice against the attorney who drafted those agreements.

The doctrine of collateral estoppel prevents the plaintiff from now claiming that the agreement which he ratified and accepted did not express his understanding. Accordingly, the agreement cannot now serve as the basis for a claim of malpractice or other misdeeds on the part of the attorney who drafted the agreement *(see generally, Schwartz v Public Adm'r of County of Bronx,* 24 NY2d 65). Additionally, we note that the plaintiff was a sophisticated businessman and that at all times the party with whom he contracted insisted on certain additional benefits and that he entered into this agreement knowing the benefits which were to be accorded to his partner.

There being no question of fact on the issue of malpractice or misrepresentation or breach of fiduciary duty, the IAS Court properly granted summary judgment dismissing these claims. Concur—Murphy, P. J., Ellerin, Kupferman and Nardelli, JJ.