■ NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., Appellant, v JORDACHE ENTERPRISES, INC., et al., Respondents. [613 NYS2d 161] —Order, Supreme Court, New York County (Beverly S. Cohen, J.), entered March 17, 1993, which granted defendants' motion to dismiss the complaint on the grounds of another action pending and forum non conveniens, unanimously reversed, on the law, without costs, the motion is denied, the complaint is reinstated, and defendants are granted twenty days to move or answer.

Plaintiff issued a Directors and Officers Insurance and Company Reimbursement Policy, covering liability for any wrongful acts of the individual defendants in their capacity as directors and officers of the corporate defendant. During the coverage period (August 2, 1990 to August 2, 1991), Retail Acquisition Corporation ("RAC"), the subject of proceedings in United States Bankruptcy Court for the Southern District of West Virginia, issued a draft complaint which alleged, *inter alia,* that the individual defendants herein, as RAC shareholders, had wrongfully diverted substantial RAC funds and proceeds, from commercial properties it owned in West Virginia, to the corporate defendant, to the detriment of RAC creditors. Defendants entered into settlement negotiations with RAC, and notified plaintiff of the complaint. Plaintiff informed defendants of its position that both the draft complaint and the stipulation of settlement implied the individual defendants

had acted in capacities as shareholder owners of RAC, rather than as directors and officers of the corporate defendant, and thus coverage under the policy was doubtful. Defendants' counsel thereupon revised their stipulation of settlement with RAC to specify that the individual defendants had indeed acted in their capacities as directors and officers of the corporate defendant in diverting RAC assets. The individual defendants then agreed to settle the RAC claim for $5 million. (There is no indication, however, that the corporate defendant has indemnified the individual defendants for any such payment to date.) Not surprisingly, this amendment of the settlement language failed to convince plaintiff of any coverage obligation under the policy.

Defendants then sued plaintiff in Kanawha County, West Virginia, for a declaration of coverage under the policy, as well as damages for breach of contract. Plaintiff used several procedural devices in seeking to terminate that action. Six weeks after defendants' commencement of the West Virginia action, plaintiff moved to dismiss on the ground of forum non conveniens (all acts relating to the policy having taken place, and all documents, parties and witnesses being located, in New York). Simultaneously, plaintiff commenced the instant action in New York, seeking its own declaratory judgment as to the non-applicability of the insurance coverage. Defendants then moved to dismiss the New York complaint, raising the pendency of the Kanawha County action and asserting that West Virginia was a more convenient forum.

The dismissal motions—defendants' in New York, and plaintiff's in West Virginia—were heard within one day of each other, in their respective forums, in October 1992. In December, plaintiff's motion to dismiss the West Virginia action on the ground of forum non conveniens was rejected, the Kanawha County court holding that West Virginia was a more convenient forum because an early trial was more likely there than in New York. In February 1993, the IAS Court granted defendants' motion to dismiss the New York action on grounds of both forum non conveniens and another action pending. We disagree with the IAS Court ruling, on both grounds.

We are satisfied that New York would be a more convenient forum because of the substantial nexus of the case here. After all, all parties to the controversy are located here (even RAC being headquartered in New York and New Jersey), the act itself is alleged to have taken place here, records and witnesses of the alleged wrongdoing are here, the policy was

issued here and must be governed by New York law, and the claim processing and all negotiations toward settlement took place here. Indeed, the only connection this case has with West Virginia is that the RAC bankruptcy was adjudicated there, based upon certain commercial properties it owned in that State.

Forum non conveniens is a defense based upon the inconvenience of the New York court as a forum of choice. The only question before the IAS Court on this issue was whether New York is a less convenient forum. Because of the substantial nexus of the case here, the IAS Court erred in dismissing the case on that ground. In so ruling, however, we emphasize that such a disposition can have little effect on the prior litigation of this very issue in the West Virginia court. The Kanawha County Judge gave a rational explanation for denying our plaintiff's forum non conveniens motion there (the probability of an earlier trial in West Virginia), notwithstanding the much more substantial nexus here. We cannot sit in appellate review of that ruling. The forum non conveniens statute is a vehicle for *removal* of an action from the New York forum, not for acquisition of a case pending elsewhere. Our ruling thus will not prevent parallel litigation in West Virginia.

Whereas forum non conveniens is a nexus-oriented defense, "another action pending" is, by contrast, a "first-in-time"-oriented defense. Here the focus is shifted from inconvenience to a more objective standard of chronology. A CPLR 3211 (a) (4) motion requires, first and foremost, the pendency of another action between the parties which was instituted earlier in time *(see, Gorman v Gorman,* 92 AD2d 709, 710, *lv and appeal dismissed* 59 NY2d 605, 967) and has not yet been terminated *(see,* 4 Weinstein-Korn-Miller, NY Prac ¶ 3211.20). Priority in time is not always controlling, however. Exceptions to the general application of this defense are recognized where competing actions have been commenced "reasonably close in time" to one another *(Flintkote Co. v American Mut. Liab. Ins. Co.,* 103 AD2d 501, 505, *affd* 67 NY2d 857). Virtually every exception to the first-in-time rule involves competing litigation commenced within days or even hours of each other. *(See, e.g., Seaboard Sur. Co. v Gillette Co.,* 75 AD2d 525 ["almost simultaneously"]; *Hertz Corp. v Luken,* 126 AD2d 446, 450 ["virtually simultaneous"].) However, the common thread running through all the exceptional cases is that in none was there an intervening disposition on an unsuccessful motion to dismiss the first action before the second was commenced. What distinguishes the case before us from those classic exceptions

is that here the two actions were not commenced simultaneously. Instead, the New York action was commenced simultaneously with plaintiff's dismissal motion in Kanawha County, its first response to the West Virginia summons and pleading.

We do not subscribe to defendants' characterization of the New York action as "retaliation"; plaintiff had not exhausted any procedural remedies in West Virginia before commencing suit in New York, and thus was not shopping for a forum to overcome any prior adverse ruling (see, e.g., Jensen Assocs. v Martens, 96 AD2d 527). Since New York was, in our view, clearly a proper if not preferable forum for this case (cf., Frank Pompea, Inc. v Essayan, 36 AD2d 745), we view plaintiff's commencement here, contemporaneous with its earliest response in West Virginia, as satisfying the "simultaneous commencement" exception to the first-in-time rule. Concur—Sullivan, J. P., Carro, Ellerin, Wallach and Rubin, JJ.