■ WHITE & CASE, LLP, Appellant, v SUEZ, SA, Respondent. [785 NYS2d 55]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered February 10, 2004, which, in an action by a law firm against a former client for a declaration that the claims of legal malpractice, breach of fiduciary duty and breach of contract asserted by the client against the law firm in an earlier commenced action in Illinois are time-barred and meritless, granted the client's motion to dismiss the action on the ground of another action pending, unanimously affirmed, with costs.

The law firm, headquartered in New York, alleges that it provided legal services to the client, headquartered in France, in connection with a merger agreement that contains a New York forum selection clause. It alleges it performed some 3,300 hours of work in New York and some 200 hours in Illinois, where the merged company had its headquarters. More than four years after the merger was completed, the client tendered an additional matter to the law firm arising out of the merger, which the law firm refused to take up, whereupon the client brought an action against the law firm in Illinois, where neither has an

office, for legal malpractice, breach of fiduciary duty and breach of contract. The law firm further alleges that under Illinois law, the granting of a motion to dismiss on the ground of forum non conveniens must be conditioned upon the defendant's waiver of the defense of the statute of limitations in any new forum chosen by the plaintiff, even where the applicable statute of limitations had run before the Illinois action was commenced (citing *Miller v Consolidated Rail Corp.*, 173 Ill 2d 252, 262-263, 671 NE2d 39, 45 [1996]). The law firm concludes that it is apparent that the client commenced the Illinois action in order to avoid New York's shorter statute of limitations, and argues that the instant declaratory judgment action is necessary in order to preserve its right to be heard in the proper forum.

The action was properly dismissed for several reasons. First, use of a declaratory judgment action to determine the viability of a defense, or the existence of merit, to a legal malpractice claim, or any tort claim, would be unusual, at the least (*cf. Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 148 [1983], *cert denied* 464 US 993 [1983]). Second, while the merger agreement that the law firm prepared for the client contained a New York choice of forum clause, its retainer agreement with the client did not. Absent such an agreement, an aggrieved party's choice of forum should be respected (*cf. Curtis, Mallet-Prevost, Colt & Mosle v Garza-Morales*, 308 AD2d 261 [2003]), no less in a legal malpractice context than any other. Third, it appears that under Illinois law, a defendant can move to dismiss an action as time-barred without prejudice to a subsequent motion to dismiss on the ground of forum non conveniens (*see Miller,* 173 Ill 2d at 267, 671 NE2d at 47), and, as noted by the J.H.O., it also appears that an Illinois court will borrow another state's statute of limitations if the cause of action "arose" in the other state (citing 735 Ill Comp Stat 5/13-210). Thus, it does not appear that the client's choice of Illinois necessarily deprived the law firm of its New York statute of limitations defense. Concur—Mazzarelli, J.P., Andrias, Friedman, Marlow and Sweeny, JJ.