■ WACHTELL, LIPTON, ROSEN & KATZ, Respondent, v CVR ENERGY, INC., Appellant, et al., Defendants. [39 NYS3d 772]—

Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered October 2, 2014, which, to the extent appealed from, denied defendants' motion to dismiss the claim for a declaratory judgment on the ground of another action pending, unanimously reversed, on the facts, with costs, and the motion granted. Order, same court and Justice, entered February 24, 2015, which granted plaintiff's motion to dismiss defendant CVR Energy, Inc.'s counterclaim for legal malpractice, unanimously reversed, on the law, with costs, and the motion denied.

The court improvidently exercised its discretion in declining to dismiss the claim for a declaratory judgment against defendant CVR Energy, Inc., since there is another action pending between the parties for the same cause of action (CPLR 3211 [a] [4]; see *Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 95 [1st Dept 2013]). CVR's choice of a federal forum for its earlier filed legal malpractice action against plaintiff (Wachtell) (*see* 28 USC § 1332 [diversity of citizenship]) is entitled to comity. Wachtell's "use of a declaratory judgment action to determine the viability of [its] defense, or the existence of merit, to [CVR's] legal malpractice claim" is an "unusual" practice (*White & Case, LLP v Suez, SA*, 12 AD3d 267, 268 [1st Dept 2004]), strongly suggestive of forum shopping, and does not warrant a deviation from the first-to-file rule (*cf. National Union Fire Ins. Co. of Pittsburgh, Pa. v Jordache Enters.*, 205 AD2d 341, 344 [1st Dept 1994]).

The finding, made in related actions brought by CVR's financial advisers, that CVR ratified the engagement letters with respect to which CVR alleges that Wachtell failed to represent it competently does not collaterally estop a legal malpractice claim against Wachtell for conduct that allegedly caused and/or contributed to CVR's ratification and kept CVR from taking appropriate action to negate the effects of the ratification (*see e.g. Bishop v Maurer*, 9 NY3d 910 [2007]). The identi-

cal issue was not decided in the aforementioned related actions (*see D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). *Schwarz v Shapiro* (202 AD2d 187 [1st Dept 1994], *lv denied* 83 NY2d 760 [1994]) is inapposite, since the attorney's conduct in that case was not alleged to have contributed to the client's ratification. Concur—Friedman, J.P., Andrias, Moskowitz, Gische and Gesmer, JJ.