■ PROSPECT FUNDING HOLDINGS L.L.C., Respondent, v PA-MELA MASLOWSKI, Appellant, et al., Defendants. [43 NYS3d 904]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered November 13, 2015, which, to the extent appealed from as limited by the briefs, denied defendants' motion insofar as they sought to dismiss the complaint pursuant to CPLR 327 (a) and 3211 (a) (4) as against defendant Pamela Maslowski, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with costs, and the motion granted. Order, same court and Justice, entered January 27, 2016, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for a preliminary injunction enjoining Ms. Maslowski from any further attempt to litigate in Minnesota the matter at issue in this action, unanimously reversed, on the law, with costs, and the motion denied. Appeals from order, same court and Justice, entered January 20, 2016, and from order, same court and Justice, entered on or about January 22, 2016, unanimously dismissed, without costs. The Clerk is directed to enter judgment accordingly.

Ms. Maslowski, a resident of Minnesota, sustained injuries in a car accident in Minnesota. Plaintiff, a limited liability company (LLC) set up under the laws of New York but with its principal place of business in Minnesota, entered into a litigation financing agreement with Ms. Maslowski, which included a clause designating New York as the forum for disputes arising out of the agreement. Ms. Maslowski eventually filed an action in Minnesota challenging the validity of the agreement. Shortly thereafter, plaintiff filed this New York action alleging, among other things, Ms. Maslowski's breach of the agreement.

The New York action should have been dismissed pursuant to CPLR 327 (a). "[I]n the interest of substantial justice," the parties' dispute should be heard in Minnesota (CPLR 327 [a]; *Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 478-479 [1984], *cert denied* 469 US 1108 [1985]). Ms. Maslowski demonstrated that the choice of forum provision in the parties' agreement is unreasonable and should not be enforced (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). Every aspect of the transaction at issue occurred in Minnesota, the parties, documents, and witnesses are located in Minnesota, and defending this action in New York would be a substantial hardship to Ms. Maslowski.

Dismissal of the New York action is also warranted pursuant to CPLR 3211 (a) (4) in favor of the action pending in Min-

nesota (*National Union Fire Ins. Co. of Pittsburgh, Pa. v Jordache Enters.*, 205 AD2d 341, 343 [1st Dept 1994]).

Given the foregoing determination, there is no basis for an anti-suit injunction. Concur—Sweeny, J.P., Renwick, Mazzarelli, Manzanet-Daniels and Feinman, JJ.