**Twenty Tenants HDFC v Bargallo**

2025 NY Slip Op 30356(U)

January 29, 2025

Supreme Court, New York County

Docket Number: Index No. 155647/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. MARY V. ROSADO                          PART          33M

                                                *Justice*

-------------------------------------------------------------------------X

TWENTY TENANTS HDFC,                            INDEX NO.          155647/2024

                              Plaintiff,        MOTION DATE        08/06/2024

                 - v -                          MOTION SEQ. NO.         001

CHRISTIAN BARGALLO, JOHN DOE, JANE DOE          **DECISION + ORDER ON**
                                                       **MOTION**
                              Defendant.

-------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for          INJUNCTION/RESTRAINING ORDER          .

Upon the foregoing documents, and after oral argument, which took place on November 12, 2024, where Gregory Bougopolous, Esq. appeared for Plaintiff Twenty Tenants HDFC ("Plaintiff") and Michael Pereira, Esq. appeared for Defendant Christian Bargallo a/k/a Gio Bargallo ("Defendant"), Plaintiff's order to show cause seeking a preliminary injunction and directing Defendant to pay use and occupancy is denied. Defendant's cross motion to dismiss Plaintiff's Complaint or in the alternative to transfer this action to Housing Court pursuant to CPLR 325(d) is granted in part and is otherwise moot.

## I.      Background

Defendant lives in Apartment 3FE at 450 West 55th Street, New York, New York (the "Premises") (NYSCEF Docs. 27, 31). Plaintiff is Defendant's landlord and initiated a Landlord/Tenant action against Defendant captioned *Twenty Tenants HDFC v Christian Bargallo*, Index No. LT-305111-24/NY (the "Housing Court Action"), which is pending, seeking rental arrears and eviction. The Housing Court Action commenced on March 18, 2024, and on or about

June 10, 2024, Plaintiff obtained a default judgment against Defendant which included a warrant of eviction. On June 12, 2024, Defendant moved to vacate the default judgment. According to NYSCEF, a decision on that order to show cause remains *sub judice* as of the date of this Decision and Order.

On June 20, 2024, Plaintiff commenced this action seeking ejectment, use and occupancy, declaratory judgment, unpaid rent, attorneys' fees, and an injunction. Plaintiff moved, by order to show cause, for injunctive relief and Defendant responded with a motion to dismiss on various grounds, including CPLR 3211(a)(4). Defendant also asked this Court to transfer this matter to Housing Court pursuant to CPLR 325(d) if the matter is not dismissed. When Defendant filed his motion to dismiss, Plaintiff amended his Complaint to seek only declaratory judgment, attorneys' fees, and an injunction.

## II.    Discussion

Defendant's motion to dismiss is granted. CPLR 3211(a)(4) provides the Court with wide discretion to dismiss an action "on the ground that another action is pending between the same parties" and arises "out of the same subject matter or series of alleged wrongs" (*Shah v RBC Capital Markets LLC*, 115 AD3d 444 [1st Dept 2014]). "It is inconsequential that different legal theories or claims are set forth in the two actions" (*id.* citing *Whitney v Whitney*, 57 NY2d 731 [1982] *see also Syncora Guar. Inc. v J.P. Morgan Sec. LLC*, 110 AD3d 87, 96 [1st Dept 2013]). Dismissal is also proper under CPLR 3211(a)(4) to avoid conflicting rulings (*Eurotech Const. Corp. v Illinois National Insurance Co.*, 187 AD3d 664 [1st Dept 2020]). Here, there is a prior pending action in Housing Court between the identical parties (*see Twenty Tenants HDFC v Christian Bargallo*, Index No. LT-305111-24/NY).

Although the legal theories asserted in this action are technically distinct from the action in Housing Court, they are closely intertwined and related, and Plaintiff would still be afforded the same ultimate relief it seeks in Housing Court (*see generally Nurlybayev v SmileDirectClub, Inc.*, 205 AD3d 455 [1st Dept 2022]; *Prospect Funding Holdings LLC v Maslowski*, 146 AD3d 535 [1st Dept 2017]; *Stewart Title Ins. Co. v Wingate, Kearney & Cullen*, 145 AD3d 462 [1st Dept 2016]).

Based on Plaintiff's Amended Complaint here, it seeks a declaratory judgment that Defendant violated his lease, attorneys' fees, and a permanent injunction prohibiting Defendant from engaging in harassing, threatening, and nuisance behavior. In Housing Court, Plaintiff seeks the removal of Plaintiff from the Premises, unpaid rent, and attorneys' fees. If the prior action pending in Housing Court finds Defendant breached his lease and evicts Defendant,[1] the Plaintiff is essentially afforded the declaratory and injunctive relief it seeks here (*see also Tremada 201 East 17th Street LLC v Korn*, 2021 WL 2665659 at *1 [Sup. Ct. NY Co. 2021] [Nervo, J.] citing *3054 Godwin Terrace Realty Co. v Armstrong*, 190 AD2d 617 [1st Dept 1993] [although couched in terms of declaratory judgment, action essentially sought eviction, making removal to Housing Court appropriate]).

Moreover, Defendant argues Housing Court is the better equipped forum to deal with the issues raised in this action as there are available resources such as the universal access to counsel, a *guardian ad litem* program, and adult protective services programs which are not readily available in Supreme Court. Therefore, Defendant's motion to dismiss is granted and to the extent the parties are not able to reach an amicable resolution, they shall continue proceedings in the pending Housing Court matter. Because the matter is dismissed, Plaintiff's order to show cause seeking an injunction and use and occupancy is denied. Further, because the Complaint has been

---

[1] Plaintiff has already obtained a judgment of possession in Housing Court and there remains pending a motion to vacate that judgment.

**155647/2024   TWENTY TENANTS HDFC vs. BARGALLO, CHRISTIAN ET AL**
**Motion No. 001**

**Page 3 of 4**

dismissed, the branch of Defendant's motion seeking to transfer this action to Housing Court pursuant to CPLR 325(d) is moot.

Accordingly, it is hereby,

ORDERED that Plaintiff's order to show cause seeking a preliminary injunction and use and occupancy is denied; and it is further

ORDERED that Defendant's motion is granted in part and is otherwise moot; and it is further

ORDERED that Defendant's motion to dismiss Plaintiff's Complaint pursuant to CPLR 3211(a)(4) is granted; and it is further

ORDERED that as the Complaint is dismissed, the branch of Defendant's motion which seeks removal of this action to Housing Court pursuant to CPLR 325(d) is moot; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 1/29/2025 | | | *My V Rosad JSC* | |
| DATE | | | HON. MARY V. ROSADO, J.S.C. | |

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | x | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

[* 4]